544 A.2d 1028

Carmen VALENTIN, Administrator of the Estate of Jesus Valentin, Dec'd, and Carmen Valentin in her own right, Appellant,

v.

Officer Hiram A. CARTEGENA and Daniel F. Dunn, Former Commissioner of the Pennsylvania State Police (Individually and in His Official Capacity) and Lt. Col. Nicholas G. Dellarciprete, Former Acting Commissioner and Chief of Staff of the Pennsylvania State Police (Individually and in His Official Capacity) and Cyril Laffey, Former Acting Commissioner of the Pennsylvania State Police (Individually and in His Official Capacity), Dominick Spigarelli, Commanding Officer Troop K, Pennsylvania State Police Belmont Barracks and the Commonwealth of Pennsylvania, Appellees.

Superior Court of Pennsylvania.

Argued March 10, 1988.

Filed July 26, 1988.

494

John W. Craynock, Philadelphia, for appellant.

Carl Vaccaro, Philadelphia, for Dellarciprete, Laffey, Spigarelli and Com., appellees.

Before ROWLEY, WIEAND and MONTEMURO, JJ.

PER CURIAM:

On December 7, 1984, Jesus Valentin was shot and killed by Hiram Cartagena, a Pennsylvania State Police Officer. On November 13, 1986, Carmen Valentin, as administrator of her son's estate and in her own right, commenced an action for wrongful death and the alleged violation of her

son's civil rights. One of the defendants named in the action was Cyril Laffey, a former acting Commissioner of the Pennsylvania State Police. When service of the complaint was attempted upon Laffey, it was discovered that he was deceased, having died on November 30, 1984, seven days before plaintiff's decedent was shot. Thereafter, on December 3, 1986, plaintiff filed with the prothonotary a document labelled "Suggestion of Death and Substitution of Personal Representative." This document, with a copy of the complaint attached, was served upon Mary Ann Laffey, the widow of Cyril Laffey and the personal representative of his estate, on December 29, 1986. Mrs. Laffey filed preliminary objections alleging an improper substitution of a party defendant and lack of jurisdiction because of defective service. The trial court sustained the preliminary objections, struck the attempted substitution of Mrs. Laffey as a defendant, quashed the service, and struck Cyril Laffey as a defendant. This appeal followed.

■ Because Cyril Laffey had died before the lawsuit against him was commenced, the suit against him was a nullity. "A dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect." *Thompson v. Peck*, 320 Pa. 27, 30, 181 A. 597, 598 (1935) (citations omitted). See also: *Longo v. Estep*, 289 Pa.Super. 19, 21, 432 A.2d 1029, 1030 (1981). Therefore, the court properly struck Laffey as a party defendant. Moreover, because a dead person cannot be a party to an action commenced after his death, substitution of a personal representative of the dead person's estate is improper. *Erhardt v. Costello*, 437 Pa. 556, 560–561, 264 A.2d 620, 622–623 (1970). It follows that plaintiff's attempt to substitute as a party the personal representative of Laffey's estate was also invalid and of no effect. Cyril Laffey had never been a party to the action; and, therefore, there was no party defendant for whom Mrs. Laffey, as personal representative, could be substituted.

■ Because plaintiff's original action against Laffey was a nullity and because the attempted substitution of Mrs.

Laffey was improper, plaintiff's only remaining recourse was to file a new action against Mrs. Laffey in her capacity as personal representative of her late husband's estate. See: 8 Goodrich Amram § 2352(b):4. This the plaintiff failed to do. Rule 1007 of the Rules of Civil Procedure provides that "[a]n action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, (2) a complaint, or (3) an agreement for an amicable action." Pa.R.C.P. 1007. Plaintiff concedes that Rule 1007 was not followed in the instant case. She argues, however, that this fact should be overlooked because the "Suggestion of Death" was filed prior to the running of the statute of limitations and a copy of the complaint was served upon Mrs. Laffey within 30 days thereof. We cannot accept this argument.

A suggestion of death is not a writ of summons or a complaint. Nor is it an agreement for an amicable action. Therefore, it is an inadequate means by which to "commence" an action against a new party. The Rules of Civil Procedure simply do not permit the commencement of an action by filing a "Suggestion of Death." Cf. *Hartmann v. Peterson*, 438 Pa. 286, 265 A.2d 127 (1970) (action cannot be commenced by petition for rule to show cause).

■ Even were we to consider the "suggestion of death" as a hybrid praecipe for writ of summons, it was nevertheless ineffective to start an action against Mary Ann Laffey. It was ineffective for this purpose because the copy of the complaint served on her as substituted defendant did not name her as a defendant. It named, rather, Cyril Laffey who, as we have seen, was dead.

Appellant's cause of action against Laffey was premised upon Laffey's alleged responsibility for the course of training which Valentin's killer received as a state trooper. In view of our holding that a valid action was not commenced against Laffey or his estate, we express no opinion regarding the alleged liability of a Commissioner of State Police

for decisions regarding the training to be received by state police personnel.

Order affirmed.