**Philip E. LANGE Jr. & Patricia E. Lange h/w, Appellants**

v.

**Olympia BURD, as the Administratrix of the Estate of Donald E. Burd, Deceased, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 15, 2002.
Filed May 17, 2002.

Thaddeus J. Bartkowski, Villanova, for appellants.

Robert M. Donovan, Doylestown, for appellee.

Before: HUDOCK, KLEIN and BECK, JJ.

BECK, J.:

¶ 1 Appellants, Philip E. Lange, Jr. and Patricia E. Lange, appeal from the order granting summary judgment in favor of Olympia Burd, as the administrator of the estate of Donald E. Burd. The trial court granted summary judgment because appellants' complaint against appellee was filed beyond the two year statute of limitations. We affirm.

¶ 2 On June 20, 1996, Philip Lange and the decedent, Donald Burd, were involved in an automobile accident. The decedent died on December 18, 1996. On June 5, 1998, appellants instituted suit against the decedent, unaware that he had passed away a year and a half earlier. Appellants later filed a new action against Ms. Burd, as administrator of the estate of the decedent. In her answer and new matter, appellee raised a statute of limitations defense. On May 7, 1999, appellee filed a motion for summary judgment arguing that the suit against the estate was barred because it was filed beyond the two year statute of limitations provided in 42 Pa. C.S.A. § 5524. The trial court denied the motion to allow for additional discovery. On April 18, 2000, appellee filed a renewed motion for summary judgment, which the trial court granted on February 21, 2001. This appeal followed.

¶ 3 Appellants argue that the trial court erred in granting summary judgment in favor of appellee. Our standard of review of the grant of a motion for summary judgment is plenary. *Juniata Valley Bank v. Martin Oil Company,* 736 A.2d 650, 655 (Pa.Super.1999). Our review is as follows:

It is well settled that when reviewing the propriety of a trial court's order granting summary judgment, we must view the record in the light most favorable to the non-moving party and determine whether the moving party has established that there exists no genuine issue of material fact and that it is therefore entitled to judgment as a matter of law. The non-moving party is entitled to all reasonable inferences. Any doubts as to the existence of a

factual dispute must be resolved in the non-moving party's favor and summary judgment is appropriate only in the clearest of cases.

Summary judgment is granted:

When the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact. The moving party has the burden of proving the non-existence of any genuine issue of fact. The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. The trial court must resolve all doubts against the moving party and examine the record in the light most favorable to the non-moving party. Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law.

*Davis v. Resources for Human Development Inc.*, 770 A.2d 353, 356–357 (Pa.Super.2001).

¶ 4 Appellants first argue the trial court erred in refusing to estop appellee from asserting the statute of limitations. Appellants assert that the insurance adjuster from appellee's liability carrier concealed the death of the decedent so that the statute of limitations would run. Specifically, appellants assert the decedent's insurance carrier wrote two letters to them prior to the expiration of the statute of limitations that inferred the decedent was alive. Both letters contained a heading that stated, "Our Insured: Donald Burd." One letter contained the language, "[p]ursuant to our contractual obligations to our insured..." Appellants maintain that the letters constitute affirmative independent acts of concealment because they were written by the insurance adjuster who had knowledge of decedent's death.

¶ 5 A cause of action for negligence is governed by a two year statute of limitations. 42 Pa.C.S.A. § 5524(2). It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period. *Cappelli v. York Operating Co., Inc.*, 711 A.2d 481, 485 (Pa.Super.1998)(quoting *Hayward v. Medical Center of Beaver County*, 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992)). Where a defendant or his agent misleads the plaintiff as to the identity of the proper defendants until after the statute of limitations has expired, the proper remedy is to toll the statute of limitations. *Hubert v. Greenwald*, 743 A.2d 977, 981 (Pa.Super.1999). If through fraud or concealment the defendant causes the plaintiff to relax his or her vigilance or deviate from his or her right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations. *Molineux v. Reed*, 516 Pa. 398, 403, 532 A.2d 792, 794 (1987). The defendant must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied. *Kingston Coal Co. v. Felton Mining Co. Inc.*, 456 Pa.Super. 270, 690 A.2d 284, 291 (1997). Mere mistake or misunderstanding is insufficient. *Molineux*. Also, mere silence in the absence of a duty to speak cannot suffice to prove fraudulent concealment. *Sevin v. Kelshaw*, 417 Pa.Super. 1, 611 A.2d 1232, 1236 (1992). The burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party. *Nesbitt v. Erie Coach Company*, 416 Pa. 89, 204 A.2d 473 (1964).

¶ 6 In *Montanya v. McGonegal*, 757 A.2d 947 (Pa.Super.2000), our Court held that an insurance carrier's failure to inform the plaintiffs that the defendant had

died was not fraudulent concealment. The facts in *Montanya* are strikingly similar to the facts in this case. In *Montanya*, a motor vehicle accident occurred between the parties on May 26, 1997. On April 27, 1999 the plaintiffs filed a complaint against the defendant, who had died on December 27, 1997. Defendant's filed preliminary objections arguing that the two year statute of limitations had elapsed and the decedent's estate was not named as a party defendant. The plaintiffs alleged that they had been mislead with regard to the defendant's death. The trial court granted the preliminary objections.

¶ 7 On appeal, the plaintiffs asserted that the defendant was estopped from raising the statute of limitations as a defense because the decedent's insurance carrier actively concealed his death. They argued that the insurance carrier's reference in the heading of a letter to "Our Insured: Robert McGonegal" mislead them to believe that the decedent was alive. The plaintiffs also argued that a release prepared by the insurance carrier indicated that the decedent was still alive. The release specifically provided that the decedent, "his heirs, executors, administrators, agents, assigns, and all other persons, firms or corporations liable..." were released from liability. The plaintiffs also argued that the insurance carrier was required to contact them and inform them about the decedent's death as soon as they discovered it.

¶ 8 Our Court rejected the plaintiff's arguments, finding first that relying on a heading which was used merely to identify the policy at issue was not reasonable. With respect to the release, our Court found that the language in the release did not constitute fraud or concealment of the decedent's death. Our Court also rejected the plaintiffs' final claim, finding that it was the plaintiffs' duty to ascertain the status of the defendant if they wanted to proceed properly and the insurance carrier was under no duty to inform the plaintiffs of the status of their insured.

¶ 9 We likewise reject appellants' argument that appellee is estopped from raising the statute of limitations based on the two letters sent by appellee's insurance carrier. Appellants' reliance on the letters in the present case, like the situation in *Montanya*, was not reasonable and does not constitute the type of concealment to toll the statute of limitations. Appellants attempt to distinguish *Montanya* based on the fact that in *Montanya* the insurance carrier had no knowledge that the decedent had died when the letters were sent. We find this fact of no moment. The insurance carrier was under no duty to inform the appellants of the status of their insured. The critical issue is whether the insurance carrier committed some affirmative independent act of concealment upon which the appellants justifiably relied. *Kingston, supra.* Here, where appellants' assumption that the decedent was alive based on the language in the letters was unreasonable, it cannot be said that appellants' reliance was justified. As there was neither active concealment nor a duty to inform, the statute of limitations was not tolled.

¶ 10 Next, appellants argue the trial court erred in granting summary judgment because discovery relevant to the issue of concealment was still incomplete. They maintain that the court should have allowed them additional discovery to establish that other insurance adjusters knew of the death of the insured.

¶ 11 In *Kerns v. Methodist Hospital,* 393 Pa.Super. 533, 574 A.2d 1068 (1990), this Court held that parties must be given a reasonable period of time to pursue proper discovery, and if a summary judgment motion is filed prematurely, the trial court

must grant a continuance if the opposing party specifies proper discovery to be sought in a timely manner. The Court further held that if an adequate time for discovery has already expired when a continuance is sought, the party opposing summary judgment must establish both materiality and due diligence with regard to the further discovery sought.

¶ 12 In this case the initial summary judgment motion was denied on July 21, 1999, because appellants asserted that relevant discovery on the issue of estoppel had yet to be conducted. After the denial of the motion appellants deposed the insurance adjuster who sent the two letters of which appellants now complain. It was not until April 18, 2000 that appellees filed a renewed motion for summary judgment. In its opinion, the trial court noted that appellants offered no evidence of any attempts to obtain any additional discovery during that time frame. Therefore, the trial court found that given the expiration of a reasonable period of time in which the discovery could have been conducted and the failure of appellants to demonstrate due diligence to obtain the discovery, it was appropriate to rule on the renewed motion for summary judgment. The record supports the trial court's conclusion. We find no abuse of discretion in the trial court's decision to proceed to decide the merits of the summary judgment motion. An ample period for discovery had already passed, and appellants failed to establish either materiality or due diligence with respect to the discovery sought.

¶ 13 In their last assertion of error appellants maintain their timely lawsuit against the decedent tolled the statute of limitations against the estate. They further argue that the statute of limitations should have begun to run at the time of the decedent's death in December 1996, rather than at the time of the accident in June 1996.

¶ 14 The decedent had died before the lawsuit against him was commenced, as such the suit against him was a nullity. A dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect. *Valentin v. Cartegena,* 375 Pa.Super. 493, 544 A.2d 1028, 1029 (1988); *Thompson v. Peck,* 320 Pa. 27, 30, 181 A. 597, 598 (1935). If a plaintiff commences an action against a person who has previously died, the only recourse is to file a new action naming the decedent's personal representative as the defendant. *Valentin.* Because appellants' suit against the decedent was a legal nullity and is of no effect, it follows that it cannot have the effect of tolling the statute of limitations against the estate.

¶ 15 With respect to appellants' second argument that the statute of limitations should have begun to run at the time of the decedent's death in December 1996, 20 Pa.C.S.A. § 3383 provides that:

The death of a person shall not stop the running of the statute of limitations applicable to any claim against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death.

¶ 16 As § 3383 provides, the death of the decedent in December 1996 did not stop the running of the applicable two year statute of limitations. The second provision of § 3383, which extends the statute of limitations in cases where the statute would run within a year after the decedent's death, is not applicable because the statute of limitations ran in June 1998, one year and six months after the decedent's death. In appellants' complaint filed June 5, 1998 the decedent's estate was not named as a party defendant. The two year statute of limitations had lapsed with

regard to appellants' claim, and the complaint was filed more than one year after the decedent's death. Accordingly, the statute of limitations barred appellants' claim.

¶ 17 Order affirmed.