**Kelleh v. Leuthy**

*George D. Walker, Jr.*, for plaintiffs
*Charity C. Hyde* and *Asher B. Chancey*, for defendant

CEISLER, *J.*, April 8, 2013—

## I. Facts and Procedural History

The instant matter stems from an automobile accident, one occurring on December 29, 2010, in which defendant

Raymond Leuthy (hereinafter "defendant") allegedly rearended a vehicle driven by plaintiff Thomas Kelleh and occupied by plaintiff Ellen Woods (hereinafter "plaintiff Kelleh," "plaintiff Woods," or jointly "plaintiffs."). Complaint at ¶ 7.

Plaintiffs subsequently engaged the legal services of Larry Pitt & Associates, P.C. (hereinafter "Pitt"). Plaintiffs' response to defendant's preliminary objections, ex. A. Pitt sent a letter to defendant's residence on March 7, 2011, informing defendant that Pitt represented plaintiff Kelleh and that Pitt intended to recoup damages from defendant in connection with the aforementioned accident. *Id.* It does not appear that defendant (or someone on his behalf) replied to this letter.1[1]

On March 10, 2011, Pitt contacted State Farm Insurance Company (hereinafter "State Farm"), defendant's automobile insurance provider, regarding the December 29, 2010 accident and, over the course of roughly 21 months, exchanged a number of letters with representatives of State Farm regarding the plaintiffs. *Id.* at exs. A-B. This correspondence continued through December 4, 2012, when Pitt informed State Farm that plaintiffs would be filing suit against defendant within five days. *Id.* at ex. A. Plaintiffs then filed their complaint against defendant on December 18, 2012, eleven days before the statute of limitations ran. *See* 42 Pa.C.S. § 5524 (negligence-based personal injury lawsuits must be filed within two years of

---

[1]. Pitt sent identical letters to Mr. Leuthy on April 10, 2012 and April 26, 2012. There is no evidence in the case record that suggests that these follow-up letters were responded to by either Mr. Leuthy or someone on his behalf. *See* plaintiff's response to defendant's preliminary objections, ex. A.

the incident that generated the alleged injuries).

On or about January 21, 2013, Pitt was sent a letter by Charity C. Hyde, Esq. of Bennett, Bricklin & Saltzburg LLC, informing Pitt that defendant was, in fact, deceased, and that Ms. Hyde's firm had been retained to represent the deceased's interests in this action. Defendant's preliminary objections, ex. C.

On January 23, 2013, defendant filed preliminary objections regarding plaintiff's complaint. Providing evidence that defendant had died on January 17, 2011, defendant argued that "[u]nder Pennsylvania law, since the plaintiffs' complaint was not filed during [defendant's] lifetime, the complaint against him is a nullity," and that the complaint should thus be dismissed with prejudice. *Id*; *see id.*, ex. C (certificate of death).

On February 20, 2013, plaintiffs filed a response to defendant's preliminary objections arguing that until receiving the January 21, 2013 letter, plaintiffs did not know that defendant had died and that, in light of this, plaintiffs should be given time to file an amended complaint against defendant's estate.

This court sustained defendant's preliminary objections in an order dated 2/20/13 (docketed on 2/22/13), dismissing plaintiffs' complaint with prejudice. Plaintiffs then filed a motion for reconsideration on February 25, 2013, which defendant contested. This court denied plaintiffs' reconsideration motion on March 5, 2013, whereupon plaintiffs filed the instant appeal.

On March 18, 2013, This court directed plaintiffs to provide a detailed and itemized statement of errors

complained, pursuant to Pa. R.A.P. 1925(b), the response to which was filed on March 22, 2013. Plaintiffs' statement of errors is reproduced, *verbatim*, herein:

1. The court failed to reconsider the response of the plaintiffs when entering the order dismissing their claim with prejudice on the day plaintiffs filed their response.

2. The court failed to reconsider the arguments of the plaintiffs as to the dismissal with prejudice of their claims where plaintiffs' untimely response to the preliminary objections of defendant was late by eight days and there was no prejudice to the defendant.

3. The court failed to consider that State Farm Insurance Company was not forthright in its dealing with plaintiffs' counsel by concealing or not informing them by suggestion of death of defendant 19 days after the accident from an unrelated cause and where plaintiffs [sic] counsel had corresponded with State Farm Insurance Company on at least fifteen occasions.

4. The court failed to consider an alternate, less final, resolution of the issues where plaintiffs only learned of the death of the defendant on January 23, 2013. The court could have given plaintiffs thirty days in which to bring suit against the estate of Raymond Leuthy.

5. The court failed to consider oral argument before dismissing plaintiffs' case with prejudice.

## II. Discussion

This court asserts that plaintiffs' appeal be denied for

the following reasons:

1. Plaintiffs filed their complaint against defendant after his death;

2. Plaintiffs subsequently failed to launch a new action against defendant's estate and/or representatives before the statute of limitations had run; and

3. There is no clear, precise and convincing evidence of concealment or fraud on the part of the defendant/his representatives that would support tolling of the statute of limitations.

It is well-settled law in Pennsylvania that "[a] dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect." *Thompson v. Peck*, 320 Pa. 27, 30 (Pa. 1935); *see also, e.g., Lange v. Burd*, 800 A.2d 336, 341 (Pa. Super. Ct. 2002); *Custren v. Curtis*, 572 A.2d 1290, 1291 (Pa. Super. Ct. 1990); *Longo v. Estep*, 432 A.2d 1029, 1030 (Pa. Super. Ct. 1981); *Marzella v. King*, 389 A.2d 659, 661 (Pa. Super. Ct. 1978). In light of this, "[since] a dead person cannot be a party to an action commenced after his death, substitution of a personal representative of the dead person's estate is improper." *Valentin v. Cartegena*, 544 A.2d 1028, 1029 (Pa. Super. Ct. 1988) (*citing Erhardt v. Costello*, 437 Pa. 556, 560-561 (Pa. 1970)). Instead, an entirely new complaint must be filed, naming the decedent's estate and/or personal representative as the defendant. *See Montanya v. McGonegal*, 757 A.2d 947, 950 (Pa. Super. Ct. 2000); *Custren*, 572 A.2d at 1291; *Valentin*, 544 A.2d at 1029. Such an action must be filed prior to the expiration of the relevant statute of limitations; failure to abide by these

constraints results in the time-barring of any future suits regarding the matter. *Thompson*, 320 Pa. at 30.

However, the court may deem the statute of limitations tolled under certain circumstances, on account of actions taken by a defendant and/or by one of their agents/ representatives. In general "[i]t is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." *Lange*, 800 A.2d at 339 (*quoting Hayward v. Med. Cntr. of Beaver Cnty.*, 530 Pa. 320, 324 (Pa. 1992)). Unintentional fraud or concealment by a defendant or an affiliated individual/ entity may provide a sufficient basis for tolling, *Molineux v. Reed*, 516 Pa. 398, 403 (Pa. 1987); however, "lack of knowledge, mistake or misunderstanding [on the part of a plaintiff] do not toll the running of the statute of limitations," *Montanya*, 757 A.2d at 951. For the statute to be tolled, there must have been some affirmative, independent behavior, on the part of the defendant and/ or by one of their agents/representatives, that misled and was justifiably relied upon by the plaintiff. *Kingston Coal Co. v. Felton Mining Co.*, 690 A.2d 284, 291 (Pa. Super. Ct. 1997) (*citing Krevitz v. City of Philadelphia*, 648 A.2d 353, 357 (Pa. Commw. Ct. 1994)). The burden of proving such behavior and reliance falls upon the plaintiff, who must do so through the introduction of clear, precise and convincing evidence. *Molineux*, 516 Pa. at 403.

It is not disputed that the defendant in the instant matter died on January 17, 2011, roughly twenty-three months before plaintiffs chose to file their complaint. In

fact, the defendant was already deceased when Pitt began sending letters to the defendant's home address in March 2011. After sending multiple letters to the defendant and receiving no responses, this should have prompted Pitt to immediately take steps to ascertain the status and/or whereabouts of the defendant.

Plaintiffs' suit against the defendant was a nullity from inception. *See Thompson*, 320 Pa. at 30. The statute of limitations had run by the time that plaintiffs discovered that the defendant had passed, meaning that plaintiffs were thus barred from refilling their suit against the defendant's estate. *See id.* This court carefully reviewed the entire record and could find no clear, precise, and convincing evidence that State Farm actively misled plaintiffs into believing that the defendant was still alive. Without a factual basis for tolling the statute of limitations, this court was required, by the precedential weight of nearly eighty years of case law, to sustain defendant's preliminary objections, dismiss plaintiffs' complaint, and deny plaintiffs' request for leave to file a complaint against defendant's estate.

In *Montanya v. McGonegal*, 757 A.2d 947 (Pa. Super. Ct. 2000), the Superior Court provides instructive analysis to determine whether, in the instant matter, State Farm engaged in misleading behavior. In *Montanya*, the parties were involved in an automobile accident on May 26, 1997. Plaintiffs then corresponded with the defendant's insurance carrier, exchanging letters over a months-long period, but ultimately chose to file suit on April 27, 1999. Unbeknownst to the plaintiffs, however, the defendant had died on December 27, 1997, sixteen months prior. On July 1, 1999, representatives of the deceased defendant filed

preliminary objections, arguing that the suit should be dismissed, as: 1. the initial complaint against the deceased was void; 2. The statute of limitations had run; and 3. the defendant's estate administrator was not named as a party prior to the running of the statute. The plaintiffs submitted an answer in opposition and requested leave to file a new complaint, even though the statute of limitations had expired. *Montanya*, 757 A.2d at 949. Despite plaintiffs' arguments, the trial court sustained the preliminary objections, dismissing the case.

The plaintiffs appealed this ruling to the Superior Court, raising a number of issues including (and most relevant to the instant matter) that, prior to the filing of suit, the insurance company had allegedly misled them as to the state of the defendant. Though the insurance company never actually said that the defendant was still alive, its correspondence with the plaintiffs always referred to the defendant as "Our Insured: Robert McGonegal." *Id.* at 951. In addition, the insurance company never reached out to the plaintiffs to let them know that the defendant was deceased. The plaintiffs argued that, given these circumstances, the statute of limitations should be tolled, thereby allowing them to file a new complaint against defendant's estate.

The Superior Court found that the conduct of the insurance company was insufficient grounds to warrant tolling the statute of limitations and stated that it was the plaintiffs' duty to determine whether the defendant was deceased. Noting that it was the plaintiffs' duty to determine whether the defendant was deceased, the *Montanya* court flatly stated that "[r]elying on a heading,

which was used merely to identify the policy/claim at issue, was not reasonable and does not constitute the type of fraud/concealment which permits . . . tolling." *Id.* at 951. In addition, the *Montanya* court held that the insurance company's "mere silence or nondisclosure" regarding the defendant's status was not a basis for tolling, given that the company did not owe an affirmative duty of disclosure to plaintiffs. In short, the action (or inaction) of the insurance company under the circumstances did not constitute the affirmative, independent behavior required by the tolling standard.

In the instant appeal, the plaintiffs maintain that State Farm "was not forthright in dealing with [p]laintiffs' counsel by concealing or not informing them [that defendant had died]." Plaintiffs' statement of errors, ¶ 3. The only evidence that plaintiffs provide to bolster this argument are copies of letters from State Farm, which refer to the defendant as "Our Insured: Raymond P. Leuthy" and appear (with the exception of the September 13, 2012 letter informing plaintiff Thomas Kelleh that they were closing his file) to be form requests for updated information regarding plaintiffs' treatment status. *See* plaintiffs' response to defendant's preliminary objections, ex. A. At no point in this chain of correspondence did State Farm actually assert that defendant was alive, nor do plaintiffs claim that there was any affirmative statement made to that effect by State Farm.

As a result, this court determined that the record did not contain clear, precise, and convincing proof that State Farm actively misled plaintiffs into believing that defendant was still alive. Plaintiffs' reliance on the State Farm

form letter headings as proof of defendant's continued existence was not reasonable. State Farm was under no obligation to inform plaintiffs, without any prompting, of defendant's death. As such, there was no basis for this court to toll the statute of limitations, thus necessitating this court's dismissal of plaintiffs' suit against defendant and denial of plaintiffs' request to file a new complaint against defendant's estate.

## II. Conclusion

For the aforementioned reasons, this court respectfully requests that plaintiffs' appeal be denied.

