J-S10002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS HARTLOVE AND JANET HARTLOVE, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : | |
| v. | : | |
| LEE F. PARKS | : | No. 2722 EDA 2017 |

Appeal from the Order Entered August 8, 2017
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  48-CV-2016-3385

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 27, 2018**

Thomas Hartlove and Janet Hartlove, husband and wife, appeal from the order denying their petition for leave to amend the complaint to substitute the personal representative of Lee F. Parks, and granting the defense's petition to strike the complaint and dismiss the action.  We affirm.

This matter arises from an automobile accident which occurred on May 15, 2014, in Bethlehem, Pennsylvania.  Mr. Parks, a New Jersey resident, rear-ended the Hartloves' vehicle, causing injuries.  Unbeknownst to the Hartloves, Mr. Parks died on September 29, 2014.  His insurer, Liberty Mutual, was informed of his death on May 26, 2015.  The Hartloves retained counsel who filed a complaint against Mr. Parks on April 27, 2016, three

weeks prior to the expiration of the applicable two-year statute of limitations.[1] A copy of the complaint was mailed to Mr. Parks' residence and to Liberty Mutual. Liberty Mutual retained defense counsel who filed an answer to the complaint on June 20, 2016, admitting therein that Mr. Parks was an adult individual residing in New Jersey. No new matter was included in the answer to the complaint. Although Liberty Mutual sent correspondence to the Hartloves' counsel identifying Mr. Parks as the named insured, it did not inform the Hartloves of his death until September 2, 2016.

On January 6, 2017, without leave of court, defense counsel filed an amended answer which included new matter stating that Mr. Parks had died on September 29, 2014, and attaching a certificate of death. The new matter averred that any claims asserted against Mr. Parks were barred by the statute of limitations and the Dead Man's Act, 42 Pa.C.S. § 5930.

The Hartloves filed preliminary objections to the amended answer and new matter based on defense counsel's failure to seek leave of court prior to filing. The Hartloves additionally filed a petition to amend their complaint to include Mr. Parks' personal representative as a defendant.

On January 30, 2017, defense counsel withdrew the amended answer and new matter, and thereafter filed a petition to strike the Hartloves' complaint and dismiss the action with prejudice, or in the alternative, to

---

[1] In the instant case, the applicable two-year statute of limitations expired on May 15, 2016.

refile the amended answer and new matter. In response, the Hartloves filed a motion to substitute, wherein they sought leave to amend the complaint to remove Mr. Parks and substitute his personal representative in his place.

On August 8, 2017, the trial court dismissed the Hartloves' action as a nullity, without prejudice, on the basis that the court lacked subject matter jurisdiction due to Mr. Parks' death prior to the filing of the complaint. The Hartloves filed a timely notice of appeal, and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Thereafter, the trial court issued its Pa.R.A.P. 1925(a) opinion.

Appellants raise the following issues for our review:

1. Should Pennsylvania's rules governing liberal amendment of pleadings allow the substitution of the personal representatives of a deceased defendant's estate even when the action is commenced against a deceased person?

2. Should the trial court have barred [the defense] from asserting the death of [Mr. Parks] before the filing of the complaint as a result of [the defense's] admission that he was alive contained within the answer and should [the defense] have been barred from asserting the statute of limitations defense as a result of its failure to file a new matter with its answer?

3. Did the trial court err in not applying New Jersey law which allows the substitution of a personal representative of an estate when the action is commenced against a deceased person when the deceased was a resident and the estate was created under the laws of New Jersey[?]

4. Should the trial court have considered [the Hartloves'] allegation of fraud when [Liberty Mutual] concealed the death of their insured from [the Hartloves'] counsel thus tolling the statute of limitations?

Appellants' brief at 1 (unnecessary capitalization omitted).

The Hartloves' first issue challenges the trial court's denial of their motion to amend their complaint.

> Our standard of review of a trial court's order denying a plaintiff leave to amend its complaint . . . permits us to overturn the order only if the trial court erred as a matter of law or abused its discretion. The trial court enjoys broad discretion to grant or deny a petition to amend. Although the court generally should exercise its discretion to permit amendment, where a party will be unable to state a claim on which relief could be granted, leave to amend should be denied.

*Pollock v. NFL*, 171 A.3d 773, 778 (Pa.Super. 2017).

The Hartloves contend that our Supreme Court's ruling in *Thompson v. Peck*, 181 A. 597 (Pa. 1935), which held that a complaint filed against a dead man is void and cannot be amended to allow the substitution of the deceased's personal representative, is an archaic ruling that should be reevaluated in light of the modern preference for liberal amendment of pleadings. They argue that the rule expressed in *Thompson* is unduly harsh, and in the interest of justice the trial court should have permitted the substitution of Mr. Parks' personal representative regardless of the date of Mr. Parks' death. Relying on Justice Wecht's concurring memorandum in *Morrison Informatics, Inc. v. Members 1st Federal Credit Union*, 139 A.3d 1241 (Pa. 2016), wherein the High Court permitted the trustee in bankruptcy to be substituted as plaintiff in place of the bankrupt corporation

after the statute of limitations had expired,[2] the Hartloves argue that the *Morrison* decision casts doubt over the continued viability of the *Thompson* line of cases. They point to the 2017 amendment to Pa.R.C.P. 1033 allowing improperly named parties to be substituted after expiration of the statute of limitations so long as the correct party had notice of the action within ninety days of its commencement.[3] The Hartloves also urge us to consider decisional law from Ohio and Delaware, wherein courts have rejected nullity rules and permitted the substitution of the personal representative after the expiration of the statute of limitations. Appellant's brief at 10 (citing *Baker v. McKnight*, 447 N.E.2d 104 (Ohio 1983), and *Parker v. Breckin*, 620 A.2d 229 (Del. 1993)).[4]

---

[2] Unlike the case at bar, *Morrison* did not involve a legal action initiated against a deceased person. Instead, in *Morrison*, a corporate debtor in bankruptcy proceedings commenced a legal action without capacity to do so, as the federal bankruptcy trustee was the real party in interest. Citing vindication of the interests of innocent creditors, our High Court held that, in the bankruptcy context, the amendment of the complaint to substitute the federal bankruptcy trustee is appropriate, at least where the trustee has acted in a reasonably diligent fashion to secure his or her substitution, and there is no demonstrable prejudice to defendants. *Morrison*, *supra* at 1249. These concerns are not present in the instant case.

[3] The 2017 amendment to Rule 1033 was not in place at the time the Hartloves filed the instant action in 2016. Moreover, it has no application to this case, as the Hartlove's did not incorrectly identify Mr. Parks and merely seek to correct a mistake concerning his identity; rather, they sued the wrong entity and seek to substitute an entirely different party.

[4] The pronouncements of our sister states are not binding authority on our courts; such decisions may be considered as persuasive authority. **See**
*(Footnote Continued Next Page)*

In ***Thompson***, the plaintiff filed a negligence suit against the defendant and later learned the defendant had died prior to commencement of suit. After the applicable statute of limitations had run, the trial court granted the plaintiff leave to substitute the executors of the defendant's estate. Our Supreme Court reversed, reasoning:

> It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. **A dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect**[.] This disposes of the further argument that the defect was cured by the amendment. There can be no amendment where there is nothing to amend. In any event, **an amendment the effect of which is to bring in new parties after the running of the statute of limitations will not be permitted**[.]

***Id***. at 598 (citations omitted, emphases added). ***Thompson*** has been consistently followed by Pennsylvania courts. ***See e.g.***, ***Ehrhardt v. Costello***, 264 A.2d 620, 621-22 (Pa. 1970); ***Lange v. Burd***, 800 A.2d 336, 341 (Pa.Super. 2002); ***Montanya v. McGonegal***, 757 A.2d 947, 950 (Pa.Super. 2000); ***Valentin v. Cartegena***, 544 A.2d 1028, 1029 (Pa.Super. 1988); ***Longo v. Estep***, 432 A.2d 1029, 1030 (Pa.Super. 1981). Thus, if a plaintiff commences an action against a person who is deceased, the action is a legal nullity, and the only recourse is to file a new action naming the

*(Footnote Continued)* ————————————

***Shedden v. Anadarko E&P Co., L.P.***, 88 A.3d 228, 233 n.3 (Pa.Super. 2014).

- 6 -

decedent's personal representative as the defendant. **See Montanya**, **supra** at 950.

In the instant matter, the Hartloves' complaint against Mr. Parks was void and of no effect, as he was deceased at the time of filing. The Hartloves' insistence that they should be permitted to amend the complaint in order to substitute the personal representative is untenable under **Thompson**, which makes it clear that a complaint against a deceased defendant is a legal nullity which cannot be cured by amendment. **See Thompson**, **supra** at 598. As the instant action was void, their **only** recourse was to file a new complaint against Mr. Parks' representative prior to the expiration of the applicable statute of limitations, which they failed to do. As we discern no error of law or abuse of discretion in the trial court's ruling precluding amendment of the complaint, their first claim warrants no relief.

In their remaining assignments of error, the Hartloves raise additional arguments pertaining to the proceedings below. Specifically, they raise claims regarding admissions in the answer filed by the defense,[5] tolling of

_____

[5] The Hartloves contend that the trial court should have barred the defense from asserting Mr. Parks' death based on its admission in the answer to the complaint that Mr. Parks is an adult individual residing in New Jersey. However, as the action was a legal nullity from its inception, the incorrect admission in the answer is not relevant to our analysis. Moreover, to the extent that the Hartloves contend that they were somehow misled by the admission, we observe that the statute of limitations had run by the time the

*(Footnote Continued Next Page)*

the statute of limitations in the instant action due to Liberty Mutual's belated disclosure of Mr. Parks' death,[6] and the trial court's failure to apply New Jersey law to permit substitution of Mr. Parks personal representative. However, as the Hartloves' attempted proceeding is completely void and of no effect under **Thompson**, we must deem their additional issues moot.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/27/18


*(Footnote Continued)* ─────────────

answer was filed. Thus, even if the defense had disclosed Mr. Parks' death in the answer to the complaint, any action against his personal representative was already time-barred as of the date the answer was filed.

[6] The Hartloves also argue that the trial court should have considered their allegations of fraud based on Liberty Mutual's pretrial correspondence wherein it listed Mr. Parks as the named insured on the insurance policy, but failed to disclose his death. Again, as the action was a legal nullity from its inception, the captioning of pretrial correspondence is not relevant to our analysis. However, we observe that it was the Hartloves' obligation to determine whether Mr. Parks was deceased. **See Montanya v. McGonegal**, **supra** at 951 (holding that reliance on a heading in a letter from an insurer, which was used merely to identify the insurance policy and claim at issue, was not reasonable, and does not constitute fraud or concealment).