J-A03011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEFFREY AND ANN YORTY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLISON B. KOHLER, DECEASED IN | : | No. 1131 MDA 2020 |
| CARE OF SURVIVING SPOUSE, JO | : | |
| ANN KOHLER | : | |

Appeal from the Order Entered August 18, 2020
In the Court of Common Pleas of Franklin County
Civil Division at No(s): 2019-02517

BEFORE: LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED APRIL 13, 2021**

Jeffrey and Ann Yorty (Appellants), plaintiffs in the underlying action against "Allison B. Kohler, deceased in care of surviving spouse, Jo Ann Kohler" (Defendant), appeal from the order granting Defendant's motion for summary judgment and dismissing Appellants' complaint. We affirm.

On November 22, 2017, Jeffrey Yorty (Yorty) was driving a car in Franklin County, when a car driven by Allison B. Kohler (Mr. Kohler) struck Yorty's car from behind. Yorty alleged the accident caused him injuries.

Mr. Kohler died on April 1, 2019. Approximately three months later, on June 20, 2019, Appellants, through counsel, commenced this negligence/loss of consortium action by writ of summons. Importantly, the caption of the writ named as the party defendant: "Allison B. Kohler, Deceased, in care of

surviving spouse, Jo Ann Kohler."  At that time, when a sheriff served the writ on Mr. Kohler's widow, Jo Ann Kohler (Mrs. Kohler), an estate had not yet been created for the late Mr. Kohler.  Appellants do not dispute that the writ "erroneously" named a deceased person as the defendant.  ***See***, ***e.g.***, Appellants' Brief at 8 ("[Appellants] concede that the caption of the Writ was erroneous and ineffective.").

On September 16, 2019, Appellants filed a petition with the Register of Wills to compel Mr. Kohler's heirs/representatives to open an estate.  On September 27, 2019, the Register of Wills granted Mrs. Kohler letters testamentary in the Estate of Allison B. Kohler (Estate).

On October 15, 2019, Appellants filed a complaint, **at the same docket** as their erroneous writ.  The complaint altered the caption, changing the name of the defendant from "Allison B. Kohler, Deceased, in care of surviving spouse, Jo Ann Kohler" to "The Estate of Allison B. Kohler, Deceased."[1]  The complaint did not name Mrs. Kohler as the personal representative of the Estate.  ***See*** 20 Pa.C.S.A. § 3373 ("An action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive.").

---

[1] Appellants did not seek leave to amend their original pleading to add a new defendant, pursuant to Pa.R.C.P. 1033.

- 2 -

On November 18, 2019, Defendant filed an answer and new matter. Unlike the caption of the complaint, the caption of this pleading reflected the original caption from the writ, and identified Defendant as: "Allison B. Kohler, Deceased, in care of surviving spouse, Jo Ann Kohler." Thereafter, the parties engaged in discovery.

On May 13, 2020, Defendant filed a motion for summary judgment. Defendant argued Appellants' action was a legal nullity because the trial court lacked subject matter jurisdiction. Defendant asserted that Appellants improperly filed the writ against a deceased person, Mr. Kohler, and the attempt by Appellants to amend the party defendant in the complaint was improper.

The 2-year statute of limitations applicable to Appellants' action – 42 Pa.C.S.A. § 5524(2) – expired on April 1, 2020. *See* 20 Pa.C.S.A. § 3383 ("The death of a person shall not stop the running of the statute of limitations applicable to any claim against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death.").

Appellants filed an answer in opposition to summary judgment on June 5, 2020. The trial court conducted a hearing on August 11, 2020. By order entered August 18, 2020, the trial court granted summary judgment and dismissed Appellants' complaint with prejudice. Appellants timely appealed. Both Appellants and the trial court have complied with Pa.R.A.P. 1925.

Appellants raise a single issue for our review: "Did the lower Court err i[n] granting the Defendant's Motion for Summary Judgment after two years of litigation based on a claim of lack of jurisdiction?" Appellants' Brief at 3.

We apply the following standard in reviewing the grant of summary judgment:

> [S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2(1). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. An appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. Because the claim regarding whether there are genuine issues of material fact is a question of law, our standard of review is *de novo* and our scope of review is plenary.

***Nicolaou v. Martin***, 195 A.3d 880, 891-92 (Pa. 2018) (some citations omitted).

Appellants argue the trial court erred in granting summary judgment because Defendant was fully aware of the identity of the party defendant Appellants "intended" to name. ***See*** Appellants' Brief at 7, 10. Appellants assert that even though they erroneously named a deceased person as defendant in the writ, they should be permitted to amend the caption. Appellants state:

> Under no circumstances did the miscaptioning of [Appellants'] suit [] modify, in any way whatsoever, whom the intended defendant was, nor would it subject alternate assets to be "subject to liability" if permitted. Absent said factor, there lacks such an impediment to the modification of the caption.

*Id.* at 11 (citation and some capitalization omitted).

> Further, Appellants claim:
>
> [Defendant] clearly lulled [Appellants] into believing they were defending the case on the merit, by filing an answer with new matter that did not raise the issue of the proper party, agreeing to the entry of a case management order with the Estate listed as the defendant, propounding written discovery and later scheduling depositions, all of which delayed this case until the statutes of limitations expired.

*Id.* at 12 (citation and some capitalization omitted).  Finally, Appellants assert

"the Estate was privileged, pursuant to Pa.R.C.P. 1030, to raise the issue of a

wrongly cited defendant in the caption via New Matter.  The Estate . . .

strategically chose to skip this significant issue, which obviously would have

placed [Appellants] on notice of such[.]"  *Id.* at 9.[2]

> It is well established in Pennsylvania that,
>
> [b]y its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent.  **A dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect**[.]

***Thompson v. Peck***, 181 A. 597, 598 (Pa. 1935) (citations omitted, emphasis

added); ***see also McClean v. Djerassi***, 84 A.3d 1067, 1071 (Pa. Super.

---

[2] The cases Appellants cite to support their argument are distinguishable. ***See*** Appellants' Brief at 10-13 (citing ***Lafferty v. Alan Wexler Agency, Inc.***, 574 A.2d 671 (Pa. Super. 1990), and ***Peaceman v. Tedesco***, 414 A.2d 1119 (Pa. Cmwlth. 1980)).  Neither decision involves a deceased party/estate.  Also, with regard to ***Peaceman***, decisions of the Commonwealth Court are not binding on this Court.  ***See, e.g., Citizens' Ambulance Serv. Inc. v. Gateway Health Plan***, 806 A.2d 443, 447 n.3 (Pa. Super. 2002)

2013) (collecting cases and explaining "**Thompson** has been consistently followed."). Therefore, if a plaintiff commences an action against a deceased person, the only recourse is to file a new action naming the decedent's personal representative as the defendant. **Montanya v. McGonegal**, 757 A.2d 947, 950 (Pa. Super. 2000). "'[A]ll actions that survive a decedent must be brought by or against the personal representative' and 'a decedent's estate cannot be a party to litigation unless a personal representative exists.'" **Salvadia v. Ashbrook**, 923 A.2d 436, 440 (Pa. Super. 2007) (quoting **Marzella v. King**, 389 A.2d 659, 660–61 (1978)).

Here, the trial court reasoned:

[Appellants'] writ of summons and the original complaint against Mr. Kohler are a nullity because he died before [Appellants] commenced the lawsuit. We agree with Defendant that [Appellants'] change in the caption from "Allison B. Kohler, Deceased, in care of surviving spouse, Jo Ann Kohler" to "The Estate of Allison B. Kohler, Deceased" was an attempt to amend the complaint to name the Estate as the defendant. The attempted substitution of Mrs. Kohler was improper; [Appellants'] only remaining recourse was to file a new action and complaint against Mrs. Kohler in her capacity as the personal representative of the late Mr. Kohler's Estate. **See Montanya**, 757 A.2d at 950. [Appellants] failed to do so and have no legal authority to amend the complaint to correct the defect because "there can be no amendment where there is nothing to amend." **See Thompson**, 181 A. at 598.

* * *

When the writ of summons and complaint were filed against "Allison B. Kohler, Deceased, in care of surviving spouse, Jo Ann Kohler," those documents failed to designate a legal, competent entity as defendant. Therefore, [Appellants] are not [] permitted to substitute a different party after the statute of limitations has already run[.]

Trial Court Opinion and Order, 8/18/20, at 5-6 (footnotes and some capitalization omitted).

The trial court's rationale is supported by the record and law. In ***McClean***, ***supra***, the plaintiff/appellant filed the original complaint against a deceased person and attempted to cure the defect by amending the complaint after the statute of limitations had expired. This Court affirmed the trial court's dismissal of the complaint with prejudice. We explained:

> Appellant's original complaint against Defendant was 'void and of no effect,' as Defendant was deceased at the time of filing. ***See Thompson***, 181 A. at 598 . . . . Appellant's insistence that he was entitled to amend the complaint in order to substitute the Estate as defendant is mistaken; ***Thompson*** clearly states a complaint against a deceased defendant cannot be cured by amendment. ***See Thompson***, 181 A. at 598. Appellant's only recourse was to file a new complaint against the Estate[, which Appellant did not do]. ***See Montanya***, 757 A.2d at 950.

***McClean***, 84 A.3d at 1071.

Likewise, Appellants did not file a new action against Mr. Kohler's Estate and Mrs. Kohler as personal representative. Rather, Appellants filed their complaint at the **same docket** as the writ, which was a legal nullity. ***See id.***; ***see also Ehrhardt v. Costello***, 264 A.2d 620, 622 (Pa. 1970) (where plaintiff originally filed a void action against a deceased person by writ, but later filed – after the statute of limitations had run – a complaint against the personal representative of the deceased at the same docket, the new filing did not cure the jurisdictional defect).

Further, we are unpersuaded by Appellants' claim that Defendant's filing of responsive pleadings and engaging in discovery excused the jurisdictional defect. It is well-settled that the issue of subject matter jurisdiction may never be waived. *See Yentzer v. Taylor Wine Co.*, 186 A.2d 396, 398 (Pa. 1962); *Robert Half Int'l, Inc. v. Marlton Techs., Inc.*, 902 A.2d 519, 524-25 (Pa. Super. 2006) (*en banc*). Our Supreme Court has stated:

> The establishment of jurisdiction is of equal importance as the establishment of a meritorious claim for relief. Jurisdiction is the predicate upon which a consideration of the merits must rest. Where the jurisdiction of the court has been lost because of the staleness of the complaint, the attractiveness of an argument on the merits is of no moment because the tribunal is without the power to grant the requested relief.

*Robinson v. Com., Pennsylvania Bd. of Prob. & Parole*, 582 A.2d 857, 860 (Pa. 1990).

For the above reasons, Appellants' issue does not merit relief. We therefore affirm the trial court's order granting Defendant's motion for summary judgment and dismissing Appellants' complaint.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/13/2021