J-A28041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HAKIF NAMANI & SADIJE NAMANI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| BEZARK, LERNER, & DEVIRGILIS, P.C. AND STUART WINEGRAD, ESQUIRE | |
| Appellees | No. 3453 EDA 2015 |

Appeal from the Order October 15, 2015
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: November Term, 2013, No. 2456

BEFORE:  PANELLA, J., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 05, 2017**

Appellants, Hakif Namani and Sadije Namani, appeal from the order entering summary judgment in favor of Appellees, Bezark, Lerner, & DeVirgilis, P.C., and Stuart Winegrad, Esquire,[1] in this legal malpractice action.  We affirm.

We take the factual history from the trial court's February 4, 2016 opinion.

> On December 23, 2004, [Appellant Hakif], suffered a work-related injury to his left arm and hand.  In January 2005, an [Electromyography (EMG)] and the subsequent report by Dr.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We have amended the caption to reflect the name of both defendant Appellees in this matter, and to reflect that both Appellants have appealed.

Robert Kreb confirmed injury to his arm and hand, but doubt[ed] a significant disc herniation.

On March 29, 2005, [Appellant Hakif] retained Appellees to obtain workers' compensation benefits as a result of his work-related arm and hand injuries. Appellees were successful in obtaining benefits for Appellant[ Hakif's] initial complaint, but did not pursue any other potential ancillary injuries.

On May 1, 2006, Appellees sent a letter to Appellants explaining that benefits would be terminated if a Workers' Compensation Judge (WCJ) did not believe that [Appellant Hakif] was in need of continued treatment. Appellees' letter further suggested that Appellant [Hakif] should settle because no doctor [was] keeping [him] from performing full duty work.

[I]n an order dated November 27, 2006, a WCJ found no evidence of ongoing disability as of June 21, 2005, terminating [Appellant Hakif's] workers' compensation. The WCJ's order was affirmed by the Workers' Compensation Appeal Board (Board) on August 22, 2007. The Board's order was affirmed by the Commonwealth Court on [January 16, 2008]. [(*See Namani v. Workers' Compensation Appeal Board*, 2008 WL 9399107 (Pa. Cmwlth. 2008) (unpublished memorandum)).]

In February 2008, Dr. Andrew Freese, M.D., Ph.D. reviewed the 2005 EMG and found cervical strain and disc herniations that he concluded were the result of [Appellant Hakif's] workplace injury. Dr. Freese suggested surgery, which Appellees allegedly encouraged.

In light of Dr. Freese's report, Appellees filed a reinstated petition on November 11, 2008[,] claiming that [Appellant Hakif] neither knew, nor should have known about his cervical strain and disc herniations until February 6, 2008. The petition was denied by a WCJ in March 2011 and affirmed by the Commonwealth Court on December 6, 2011. [(*See Namani v. Workers' Compensation Appeal Board*, 32 A.3d 850 (Pa. Cmwlth. 2011)).]

Appellants allege fraudulent misrepresentations by Appellees for having assured success of the workers' compensation claim and informing Appellants that their right to benefits had not concluded after the WCJ terminated the matter in 2006.

(Trial Court Opinion, 2/04/16, at 3-4) (record citations and quotation marks omitted).

On November 22, 2013, Appellants brought the instant legal malpractice action against Appellees asserting claims for professional negligence, breach of contract, breach of fiduciary duty, fraud, and loss of consortium. On January 15, 2015, the trial court sustained Appellees preliminary objections in part and struck Appellants' claims for fraud and loss of consortium. On August 3, 2015, Appellees filed a motion for summary judgment on the remaining negligence, breach of contract, and breach of fiduciary duty claims, arguing that Appellants filed their claims after the statutes of limitations, and that Appellants could not prove malpractice as a matter of law.

On October 8, 2015, the trial court granted Appellees' motion with respect to Bezark, Lerner, & DeVirgilis. On October 15, 2015, the court amended its order to include Stuart Winegrad, Esq. This timely appeal followed.[2]

Appellants raise two issues on appeal:

1. Pursuant to the appropriate standard upon summary judgment, did the [trial court] commit reversible error as a

---

[2] Pursuant to the court's order, Appellants filed their statement of errors complained of on appeal on December 9, 2015. *See* Pa.R.A.P. 1925(b). The trial court entered its opinion on February 4, 2016. *See* Pa.R.A.P. 1925(a).

matter of law by granting [Appellees'] motion for summary judgment as to the statute of limitations?

2. For preservation purposes, did the [trial court] err when it granted summary judgment as to the statute of limitations pursuant to the "continuing representation rule"?

(Appellants' Brief, at 10) (unnecessary capitalization omitted).

Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled.

> [O]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Markovsky v. Crown Cork & Seal Co.*, 107 A.3d 749, 755 n.4 (Pa. Super. 2014), *appeal denied*, 125 A.3d 1202 (Pa. 2015). Further, "[s]ummary judgment may properly be entered in favor of a defendant when the plaintiff's cause of action is barred by the statute of limitations." *Brooks v. Sagovia*, 636 A.2d 1201, 1202 (Pa. Super. 1994) (citation omitted).

Appellants argue that their complaint was timely filed pursuant to the doctrines of equitable tolling based upon the discovery rule and fraudulent concealment, and therefore it should not have been barred by the statute of limitations. (*See* Appellants' Brief, at 18-24). They argue that the

discovery rule should apply because Appellant Hakif, "a highly unsophisticated, non-English speaking, working class immigrant from Kosovo[,]" did not understand the litigation process and only when his appeal was denied in 2011, did he understand that Attorney Winegrad did not include his neck injury in his original claim. (*Id.* at 23). Appellants also claim that Appellees fraudulently concealed malpractice by telling them that their case had not concluded after the 2006 denial of benefits, and the statutes of limitations should toll for that reason as well. (*See id.* at 23-24). We disagree.

> [A]n action for legal malpractice may be brought in either contract or tort. . . . [I]t is undisputed that the two-year limitations period applies to the negligence claim and the four-year limitations period applies to the breach of contract claim. 42 Pa.C.S.[A.] §§ 5524(3), 5525.

*Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 570–71 (Pa. Super. 2007) (case citations omitted). A two-year statute of limitations period also applies to breach of fiduciary duty claims. *See* 42 Pa.C.S.A. § 5524(7). "[T]he trigger for the accrual of a legal malpractice action, for statute of limitations purposes, is not the realization of actual loss, but the occurrence of a breach of duty." *Wachovia Bank, N.A.*, *supra* at 572.

Here, the trial court explained that:

> In this case, the alleged breach of duty, which is the trigger for the statute of limitations, is the date that Appellees submitted the workers' compensation claim without filing a claim for cervical strain and disc herniation in 2005. The actual date that Appellees submitted [Appellants'] claim does not appear in any of the filings before this [c]ourt.

- 5 -

Notwithstanding the absence of the date of submitting [Appellant Hakif's] claim, that date can be no later than November 27, 2006, the date when benefits were terminated. Appellant[s] filed their complaint on November 22, 2013, nearly seven years after their loss. Appellants' claims are therefore barred by the four-year and two-year statutes of limitations unless an exception applies and tolls the statute.

(Trial Ct. Op., at 6).[3]

An exception to the occurrence rule "is the equitable discovery rule which will be applied when the injured person is unable, despite the exercise of due diligence, to know of the injury or its cause. Lack of knowledge, mistake or understanding, will not toll the running of the statute." *Wachovia Bank, N.A.*, *supra* at 572 (citations omitted). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005) (citation omitted).

Here, Appellants, in the exercise of reasonable diligence, should have known that they were injured when Appellant Hakif's benefits were terminated in 2006. *See id.* Appellant Hakif's lack of understanding about the workers' compensation appellate process does not toll the running of the statute. *See Wachovia Bank, N.A.*, *supra* at 572. Therefore, we conclude that the discovery rule does not apply in this case.

_____

[3] Our review of the certified record also reflects an absence of documentation of the date that Appellees submitted Appellant Hakif's initial workers' compensation claim.

The statute of limitations may also be tolled if a defendant fraudulently conceals facts from plaintiff. **See Lange v. Burd**, 800 A.2d 336, 339 (Pa. Super. 2002), *appeal denied*, 818 A.2d 504 (Pa. 2003). "The defendant must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied. Mere mistake or misunderstanding is insufficient. Also, mere silence in the absence of a duty to speak cannot suffice to prove fraudulent concealment." **Id.**

Here, Appellants have not proven that Appellees fraudulently concealed relevant facts. **See id.** Rather, as the trial court observed, Appellees' statement that Appellant Hakif's right to benefits had not concluded in 2006, was "true, as evidenced by the subsequent five years of motions and appeals filed by Appellees on Appellants' behalf." (Trial Ct. Op., at 8). Therefore, we conclude there is no evidence of fraudulent concealment that would toll the statute of limitations. **See Lange**, **supra** at 339.

We discern no error of law in the trial court's conclusion that Appellants' claims were barred by the statutes of limitations. **See Markovsky**, **supra** at 755 n.4. Appellants have not set forth any evidence that would prove that they filed their complaint within the statutes of limitations period, nor have they proven that an exception would apply that would toll the statutes. **See Wachovia Bank, N.A.**, **supra** at 572; **Lange**, **supra** at 339; 42 Pa.C.S.A. § 5524(7). Accordingly, we agree with the trial

court that summary judgment was proper on this basis. **See Brooks**, **supra** at 1202. Appellants' first issue does not merit relief.

In their second issue, Appellants argue that this Court should adopt the continuing representation rule with respect to the trigger for the accrual of a legal malpractice claim for statutes of limitations purposes. (**See** Appellants' Brief, at 25). Appellants acknowledge that this Court has declined to adopt the continuing representation rule. (**See id.**); **Gleenbrook Leasing Co. v. Beausang**, 839 A.2d 437, 441-42 (Pa. Super. 2003), *affirmed*, 881 A.2d 1266 (Pa. 2005) ("[i]n Pennsylvania, the method used to determine when the statute begins to accrue is the occurrence rule or the discovery rule when appropriate.") (citation omitted). Thus, the trial court correctly applied the law when it did not adopt the continuing representation rule. Appellants' second issue does not merit relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2017

- 8 -