J-A16025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HSBC BANK, USA, NATIONAL ASSOC. NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE ON BEHALF OF GSAA HOME EQUITY TRUST 2005-12 | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | No. 3468 EDA 2017 |
| EUGENIA D. BONDE, deceased, LYNNE J. BONDE AND GENA L. BONDE | : : : : : | |
| Appellants | | |

Appeal from the Order September 20, 2017
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2012-13829

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                     **FILED AUGUST 21, 2018**

Eugenia Bonde (deceased), Lynne Bonde, and Gena Bonde (the Bondes) appeal from the order, entered in the Court of Common Pleas of Montgomery County, granting summary judgment in favor of HSBC Bank USA (HSBC). After careful review, we affirm.

Eugenia Bonde executed a promissory note dated March 24, 2005, in the principal amount of $239,875.00, plus interest at the fixed rate specified therein to evidence her obligation to repay a loan to Wells Fargo Bank.  To secure payment of the note, Eugenia Bonde and Lynne Bonde, Eugenia's daughter, executed a mortgage dated March 24, 2005, which granted Wells

Fargo a lien and security interest in the real property located at 407 Washington Avenue that was then owned by Eugenia Bonde and Lynne Bonde. By deed dated March 24, 2005, Eugenia Bonde and Lynne Bonde conveyed title to the mortgaged property to Eugenia, Lynne, and Gena Bonde with rights of survivorship. On May 30, 2009, Eugenia Bonde passed away, leaving the Bondes as the sole remaining owners of the mortgaged property. Wells Fargo assigned the mortgage to HSBC on September 27, 2011. The mortgage thereafter went into default when the Bondes failed to make the required monthly payments.[1] Subsequently, this *in rem* mortgage foreclosure action was filed on May 24, 2012.

HSBC filed a motion for summary judgment on August 3, 2017. The trial court granted that motion on September 20, 2017, and ordered that an *in rem* judgment be entered in favor of HSBC in the amount of $335,048.79 and for the foreclosure and sale of the mortgaged premises. **See** Order Memorandum, 9/20/17, at 2.[2] The Bondes filed a timely notice of appeal, and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The Bondes present the following issues for our review:

---

[1] The Bondes do not deny the mortgage remains unpaid.

[2] The trial court, in lieu of a PA.R.A.P. 1925(a) opinion, directs this Court to consider the memorandum attached to the September 20, 2017 order that granted summary judgment in favor of HSBC. **See** Trial Court Opinion, 11/15/17, at 2.

1. Whether a complaint, filed *in rem* . . . in [a] mortgage foreclosure [action], naming a party who is dead, is void[,] thereby precluding [HSBC] from amending its complaint or receiving summary judgment as a matter of law?

2. Whether the person, or their successor in interest, who actually borrowed the money, is an indispensable party and/or is required by [Pa.R.C.P.] 1144[3] [] to be a named party to an action in [a] mortgage foreclosure [action] such that the failure to name said individual precluded [HSBC] from receiving summary judgment as a matter of law?

3. Whether a genuine issue of material fact exists as to whether the [b]ank named as [HSBC] is the real party or sole real party in interest in this matter?

Appellants' Brief, at 7.

In reviewing the granting of a motion for summary judgment, our standard of review is well-settled:

_____

[3] Rule 1144 states:

**Rule 1144. Parties. Release of Liability**

    (a)    The plaintiff [in a foreclosure action] shall name as defendants

        (1)    the mortgagor;

        (2)    the personal representative, heir or devisee of a deceased mortgagor, if known; and

        (3)    the real owner of the property, or if the real owner is unknown, the grantee in the last recorded deed.

    (b)    Unless named as real owner, neither the mortgagor nor the personal representative, heir or devisee of the mortgagor, need be joined as defendant if the plaintiff sets forth in the complaint that the plaintiff releases such person from liability for the debt secured by the mortgage.

Pa.R.C.P. 1144.

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. [*See*] Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. . . . [W]e will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***ADP, Inc. v. Morrow Motors, Inc.***, 969 A.2d 1244, 1246 (Pa. Super. 2009) (internal citations omitted). "Additionally, the mortgage holder is entitled to summary judgment *if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount*." ***Gerber v. Piergrossi***, 142 A.3d 854, 859 (Pa. Super. 2016) (internal citations omitted) (emphasis added).

The Bondes first argue that HSBC's initial naming of Eugenia Bonde as a defendant in its complaint voided the suit, as Eugenia Bonde was deceased at the commencement of this action. On August 4, 2014, HSBC amended its complaint to remove Eugenia Bonde as a defendant. ***See*** Appellee's Amended Complaint, 8/4/14, at 1. The Bondes claim this "defect" cannot be corrected. Appellant's Brief, at 14. It is long-established that a "dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect." ***Lange v. Burd***, 800 A.2d 336, 341 (Pa. Super. 2002), citing ***Valentin v. Cartegena***, 544 A.2d 1028, 1029 (Pa. Super. 1988), and ***Thompson v. Peck***, 181 A. 597, 598 (Pa. 1935). However, where a decedent

- 4 -

is one of several parties, the suit is void only as to that particular party. **See**, **e.g.**, **Valentin**, **supra** (affirming dismissal of only one of defendants, who died prior to suit being filed); **Thompson**, **supra** (finding entire suit void when original complaint only named one defendant, who was deceased). Because HSBC also named Lynne Bonde and Gena Bonde as defendants in its first complaint, and they both are still living, the Bondes' claim that the entire action is void is without merit.

The Bondes next argue that Eugenia Bonde's estate constituted an indispensable party to the foreclosure action, and since it was not added as a party, the foreclosure fails. The Bondes plainly misunderstand Rule 1144 of Pennsylvania Civil Procedure. The rule requires a plaintiff in a foreclosure action to name as defendants (1) the mortgagor, (2) the personal representative of a deceased mortgagor, and (3) the real owner of the property, *unless* "the plaintiff sets forth in the complaint that the plaintiff releases such person from liability for the debt secured by the mortgage." Pa.R.C.P. 1144(a)-(b). Neither case law nor any statute of this Commonwealth suggests that an "obligor on a note" is an indispensable party, merely based on their role as obligor, contrary to the Bondes' argument. **See** Appellant's Brief, at 16. Rather, the Pennsylvania Rules of Civil Procedure specifically provide for the release of a decedent from personal liability, which is how HSBC proceeded. **See** Appellee's Amended Complaint, 8/4/14, at 3, ¶

18.[4]  As Eugenia Bonde signed the note, she was the party who could have been held personally liable for the debt.  This proceeding, however, as an *in rem* proceeding, seeks only the property at issue; at no time has HSBC suggested it aims to collect anything besides the parcel at 407 Washington Avenue.

Lastly, the Bondes argue that Wells Fargo, as assignor of the mortgage, must be named as a "party to the action as a real party in interest." Appellant's Brief, at 18-19.  "All actions shall be prosecuted by and in the name of the real party in interest." Pa.R.C.P. 2002(a).  A real party in interest is a person who "will be entitled to benefits of [the] action if successful . . . [A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." ***US Bank N.A. v. Mallory***, 982 A.2d 986, 993-94 (Pa. Super. 2009), citing ***Cole v. Boyd***, 719 A.2d 311, 312-13 (Pa. Super. 1998).

_____

[4] HSBC averred:

> Pursuant to Pa. R. Civ. P. 1144(b), [HSBC] releases Lynne J. Bonde, in her capacity as mortgagor, and the Estate of Eugenia D. Bonde and the personal representatives, heirs, and devisees of the Estate of Eugenia D. Bonde (solely in their capacity as personal representatives, heirs, or devisees of the Estate of Eugenia D. Bonde) from liability for the debt secured by the [m]ortgage. Therefore, Lynne J. Bonde, in her capacity as mortgagor, and the personal representatives, heirs or devisees of the Estate of Eugenia D. Bonde, do not need to be joined as defendants in this action.

This argument is a red herring. The Bondes do not dispute that HSBC is the mortgagee, and there is no question that HSBC was the mortgagee of record at all relevant times. It is well-established that "[i]n a mortgage foreclosure action, the mortgagee is the real party in interest." ***Gerber***, ***supra***, at 859 (internal citations omitted); ***see also Wells Fargo Bank, N.A. v. Lupori***, 8 A.3d 919, 922 n.3 (Pa. Super. 2010). Thus, the holder of a mortgage "has the right, upon default, to initiate a foreclosure action." ***Gerber***, ***supra***, at 859 (internal citations omitted). Accordingly, HSBC had the right to initiate this action for foreclosure without including Wells Fargo as a party. The Bondes' last claim is thus also without merit.

The Bondes' arguments fail to demonstrate any abuse of discretion or error of law by the trial court. ***A.D.P.***, ***supra***. Additionally, at no time do the Bondes dispute the fact that the mortgage remains unpaid, and that HSBC is the holder of the mortgage. ***See Gerber***, ***supra***. Accordingly, summary judgment was appropriate.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/18