J. A19044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NICOLE BROWN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1907 MDA 2017 |
| QUEST DIAGNOSTICS CLINICAL | : | |
| LABORATORIES, INC. | : | |

Appeal from the Order Entered December 1, 2017,
in the Court of Common Pleas of York County
Civil Division at No. 2013-SU-002078-82

BEFORE:  GANTMAN, P.J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 10, 2019**

Appellant, Marcella Brown, in her capacity as the personal representative of the estate of Nicole Brown,[1] appeals from the December 1, 2017 order entered by the York County Court of Common Pleas granting the request to abate and dismiss the underlying medical malpractice cause of action filed by Quest Diagnostics Clinical Laboratories, Inc. ("appellee").  After careful review, we reverse and remand for further proceedings consistent with this memorandum.

---

[1] The underlying cause of action was filed by Nicole Brown, as reflected in the caption.  Nicole Brown passed away on April 2, 2015, and her mother, Marcella Brown, was granted letters testamentary and was named executrix of Nicole Brown's estate.  Additionally, Marcella Brown was named a personal representative of Nicole Brown's estate by the Surrogate's Court of Gloucester County, New Jersey.  For ease of discussion, Nicole Brown will be referenced as "decedent," while Marcella Brown will be referenced as "Brown."

The trial court provided the following factual and procedural history:

> [Decedent] commenced this medical malpractice action by filing a writ of summons on June 14, 2013. On December 13, 2013, [decedent] filed a complaint alleging a medical malpractice claim against [appellee.] On June 10, 2014, [decedent] filed an amended complaint.
>
> On April 2, 2015, [decedent] passed away. On June 24, 2015, [appellee] filed a Suggestion of Death of the Plaintiff pursuant to Pennsylvania Rule of Civil Procedure 2355 and 20 Pa.C.S.A. § 3375. [Brown] alleges that on September 1, 2015, [she], was granted Letters Testamentary and named Executrix of the estate. On February 22, 2016, [] Brown filed a Motion to Substitute Plaintiff in accordance with Pennsylvania Rule of Civil Procedure 2352. The record reflects that nothing was done to bring the motion to the Court's attention for consideration.
>
> On May 10, 2017, [the trial court] denied the motion without prejudice to properly present the motion with due notice to all parties at a session of motions court. On May 15, 2017, [appellee] filed a response in opposition to [Brown's] motion to substitute and a supporting brief. On the same date, [appellee] also filed a petition to abate and dismiss based on [Brown's] failure to timely substitute another party as the Plaintiff within one year of [decedent's] death and/or the filing of the suggestion of death.
>
> On May 16, 2017, [Brown] filed a notice of presentment of matter at Civil Motions Court on the issue of amending the caption due to [decedent's] death as requested in [Brown's] motion to substitute [decedent]. On the same date, [the trial court] issued a rule to show cause upon [Brown] to show why [appellee] was not entitled to the relief of abating and dismissing the action and struck the matter from motions court. On May 22, 2017, [Brown] filed a response to [appellee's] petition to abate and dismiss the action and a supporting brief.

On November 30, 2017, a hearing was held on [appellee's] petition to abate and dismiss the action. After hearing argument, [the trial court] entered an order dismissing the action for the following reasons: (1) [Brown's] failure to timely substitute another party after the death of [decedent]; and (2) [Brown's] failure to provide a reasonable explanation for the delay. This order was docketed with the prothonotary's office on December 1, 2017.

On December 8, 2017, [Brown] filed a motion for reconsideration and supporting brief of [the trial court's] November 30, 2017 Order Dismissing Action and also filed a notice of appeal to the Superior Court. On December 11, 2017, [the trial court] issued an order directing [Brown] to file a statement of errors complained of pursuant to Pa.R.A.P. 1925(b). On December 21, 2017, [Brown] filed [her] 1925(b) Statement. On January 5, 2018, [appellee] filed a brief in opposition to [Brown's] motion for reconsideration.

Trial court opinion, 2/9/18 at 2-4. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on February 9, 2018.

Brown raises the following issues for our review:

[I.] Did the York County Court of Common Pleas err in dismissing this Action, as the case cited as the basis for the reasoning in the Dismissal Order (***Grimm v. Grimm***, 149 A.3d 77 (Pa.Super. 2016)) is distinguishable from the present case?

[II.] Did the York County Court of Common Pleas err in dismissing this Action, as ***Grimm*** misstated and/or misinterpreted 20 Pa.C.S.A. § 3375 to stand for the proposition that a party substitution (***i.e.*** changing the case caption) must occur within one year from the date of the [decedent's] death, when, in fact, 20 Pa.C.S.A. § 3375 merely requires that taking out testamentary letters appointing a personal

representative must occur within one year after a suggestion of such death is filed?

[III.] Did the York County Court of Common Pleas err in dismissing this Action, as the Dismissal contradicts Pa.R.J.A. 103(c)(8)?

[IV.] Did the York County Court of Common Pleas err in dismissing this Action, as equitable estoppel was triggered by [appellee's] agreement to concur with [Brown's] timely filed Motion to Substitute?

[V.] Did the York County Court of Common Pleas err in dismissing this Action, as the Dismissal of [decedent's] action contradicts the general preference under Pennsylvania law that cases be decided on the merit [sic] whenever possible, and especially where no prejudice has occurred?

[VI.] Did the York County Court of Common Pleas err in dismissing this Action, as the Dismissal is a result of the departure of the York County Court of Common Pleas' local rules from general filing and administrative practices?

Brown's brief at 5-6.[2]

In resolving all of Brown's issues raised on appeal, we are governed by the following standard of review: "To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is **de novo**. To the extent that this question involves an exercise of the trial court's discretion in granting a motion to dismiss, our standard of review is abuse of discretion." **Coulter v. Lindsay**, 159 A.3d 947, 952 (Pa.Super. 2017), **appeal denied**, 172 A.3d 1108 (Pa. 2017), **cert. denied**, 138 S.Ct.

---

[2] We have re-ordered Brown's issues raised on appeal for ease of discussion.

2576 (2018), quoting **Coulter v. Ramsden**, 94 A.3d 1080, 1086 (Pa.Super. 2014), **appeal denied**, 110 A.3d 998 (Pa. 2014).

In her first issue on appeal, Brown contends that **Grimm v. Grimm**, 149 A.3d 77 (Pa.Super. 2016), the case relied upon by the trial court, is distinguishable from the case before us. Appellee contends, and the trial court found, that this case is controlled by our decision in **Grimm**.

We agree with Brown that **Grimm** is not applicable to the facts of this case. Indeed, the **Grimm** holding was limited to the issue of whether the lower court had jurisdiction to enter a **non pros** in favor of a deceased party defendant. **Id.** at 86. The **Grimm** court determined that because there was never any action taken by either the plaintiff or the other defendants to file a suggestion of death pursuant to Pa.R.Civ.P. 2355 and no personal representative was substituted for the party defendant, the trial court lacked subject matter jurisdiction to enter the **non pros**. **Id.** The **Grimm** court then vacated the **non pros** and remanded to the trial court to either dismiss the cause of action for lack of jurisdiction or to permit substitution of a personal representative in accordance with the Pennsylvania Rules of Civil Procedure. **Id.**

The language from **Grimm** relied upon by the trial court is dictum and is neither central nor dispositive to the holding in the case.

> We begin our analysis with the applicable rule of civil procedure. Pennsylvania Rule of Civil Procedure 2355 provides that, "If a named party dies after the commencement of an action, the attorney of record

for the deceased party **shall** file a notice of death with the prothonotary. The procedure to substitute the personal representative of the deceased party shall be in accordance with Rule 2352. Pa.R.C[iv].P. 2355(a) (emphasis added). Thus, under Rules 2352 and 2355, the filing or a notice of death and the substitution of a personal representative is mandatory. **When the deceased party is a plaintiff and such substitution fails to occur within one year of the plaintiff's death, the trial court is required to abate the action unless the delay in appointing a personal representative is "reasonably explained."** 20 Pa.C.S.A. § 3375.

Although referring only to plaintiffs, section 3375 is in essence a codification of the common law of this Commonwealth which has long recognized that a trial court lacks subject matter jurisdiction over a claim filed against a deceased party. ***See Valentin v. Cartegina***, 544 A.2d 1028, 1029 (Pa.Super. 1988) (***per curiam***) (citation omitted) (Suit filed against a deceased individual a "nullity."); ***Thompson v. Peck***, [] 181 A. 597, 598 ([Pa.] 1935) (Suit filed against a deceased individual "void."); ***see also Sandback v. Quigley***, 8 Watts 460, 463 (1839) ("[T]he death of the plaintiff put an end to the action, for under no form of writ can the action of dower afterwards be sustained."). As this Court stated, "A dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect." ***Lange v. Burd***, 800 A.2d 336, 341 (Pa.Super 2002) (citations omitted).

***Id.*** at 84-85 (footnote omitted; emphasis added).

We also recognize that this court's paraphrasing of the language of Section 3375 above is not an accurate reading of the statute. Section 3375, in fact, reads as follows:

If a plaintiff or petitioner in any action or proceeding now pending or hereafter brought dies and a personal representative is not appointed within one year after

> a suggestion of death is filed in the action or proceeding, any defendant or respondent may petition the court to abate the action as to the cause of action of the decedent. Copies of the petition shall be served upon the executor named in the will, if known to the defendant, and otherwise upon all known next of kin entitled to letters of administration. The court shall abate the action as to the cause of action of the decedent if the delay in taking out letters is not reasonably explained.

20 Pa.C.S.A. § 3375.

It is clear that the statute requires that an estate be raised, letters of administration be issued, and a personal representative be appointed within one year of the suggestion of death being filed. The actual timing of the substitution of the personal representative in the underlying action is not governed by Section 3375.

Instantly, the suggestion of death was filed on June 24, 2015, albeit by appellee, two months after decedent's death. On September 1, 2015, Brown was issued testamentary letters in New Jersey appointing her the personal representative of the estate. The letters were therefore issued and an estate was raised well within the timeframe allotted by Section 3375. In fact, the substitution of party was filed and time stamped February 22, 2016, also well within one year of decedent's death, even though the motion to substitute is not governed by the time limitation of Section 3375. The trial court examined Brown's delay of over a year in presenting the substitution motion to the court in the context of Section 3375's "reasonably explained" component. However,

the reasonable explanation in Section 3375 relates to the delay in taking out letters.

Accordingly, we find that the trial court abused its discretion when it granted appellee's request to abate and dismiss Brown's underlying medical malpractice cause of action. We therefore reverse the trial court's December 1, 2017 order and remand for further proceedings consistent with this memorandum. We need not discuss Brown's five remaining issues, as the issues are now moot.

Order reversed. Remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/10/2019