J-S21042-22

2022 PA Super 128

| BOBBI ANN MERTIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONG-JOON OH, M.D., NORTH | : | No. 1547 MDA 2021 |
| AMERICAN PARTNERS IN | : | |
| ANESTHESIA (PENNSYLVANIA), LLC, | : | |
| WILKES-BARRE HOSPITAL COMPANY, | : | |
| LLC D/B/A WILKES-BARRE GENERAL | : | |
| HOSPITAL AND COMMONWEALTH | : | |
| HEALTH | : | |

Appeal from the Order Entered October 28, 2021
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
201709655


BEFORE:  DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.*

OPINION BY PELLEGRINI, J.:                    **FILED AUGUST 02, 2022**

Bobbi Ann Mertis (Mertis) appeals from the order entered in the Court of Common Pleas of Luzerne County (trial court) denying her motion to disqualify the law firm representing anesthesiologist Dr. Dong-Joon Oh (Dr. Oh) in this medical malpractice case.  The case involves Pa.R.C.P. 4003.6, which deals with how information can be obtained from a treating physician. It provides:

**Rule 4003.6. Discovery of Treating Physician**

Information may be obtained from the treating physician of a party only upon written consent of that party or through a method

---

* Retired Senior Judge assigned to the Superior Court.

of discovery authorized by this chapter. **This rule shall not prevent an attorney from obtaining information from:**

(1) **the attorney's client**,

(2) an employee of the attorney's client, or

(3) an ostensible employee of the attorney's client.

Pa.R.C.P. 4003.6.(1)-(3) (emphases added).

The issue in this case is simple: can a law firm representing the defendant have *ex parte* communications with a non-party treating physician without violating Pa.R.C.P. 4003.6? Because such *ex parte* communications are not permitted under this Rule, we reverse and remand the matter to the trial court.

## I.

## A.

The relevant facts and procedural history of this case are as follows. On August 17, 2015, Mertis underwent knee surgery at Wilkes-Barre General Hospital performed by orthopedic surgeon Dr. Eugene Kim (Dr. Kim). At the beginning of the procedure, Dr. Oh administered a femoral nerve block to anesthetize Mertis's knee area, which she maintains was performed negligently. On August 16, 2017, Mertis filed a complaint against Dr. Oh and the above-captioned defendants claiming that she suffered a femoral nerve injury during the nerve block procedure that left her disabled with persistent weakness, numbness and pain in her left leg. Dr. Oh retained Attorneys James Doherty and Grace Doherty Hillebrand from the law firm Scanlon, Howley &

Doherty, P.C. (Scanlon Howley) to represent him and they entered their appearance on behalf of Dr. Oh and his employer, North American Partners in Anesthesia, LLC (NAPA) in April 2018.

**B.**

In July 2020, Mertis subpoenaed Dr. Kim to appear at a discovery deposition on August 31, 2020. Although Dr. Kim is not a named defendant in this action, some of the allegations in the complaint are critical of his care. (**See** Second Amended Complaint, at ¶¶ 30, 35) (alleging that Dr. Kim did not identify an anesthetic plan for the procedure or warn Mertis of the risks associated with the femoral nerve block). We note that any action against Dr. Kim is not possible because it is outside the two-year statute of limitations period for negligence actions. **See** 42 Pa.C.S. § 5524(2).

Scanlon Howley had represented Dr. Kim in a previous medical malpractice action, and when he received the subpoena for the deposition in this case, he asked his professional liability insurer to assign Kevin Hayes, Esq. of Scanlon Howley to represent him. The law firm advised Dr. Kim that it was already representing Dr. Oh and he signed a waiver of any potential conflict of interest. Attorney Hayes wrote a letter to counsel for Mertis, Angelo Theodosopoulos, Esq., on August 28, 2020, advising that he represented Dr. Kim and requesting a change in the deposition date as he was unable to attend. Attorney Theodosopoulos did not contact Attorney Hayes at that time and Dr. Kim's deposition was not rescheduled.

Approximately six months later, on February 8, 2021, Attorney Theodosopoulos sent a letter to Scanlon Howley expressing his surprise that Attorney Hayes was representing Dr. Kim and his position that the "firm has a clear conflict in continuing to represent the defendant anesthesiologist and plaintiff's treating orthopedic surgeon." (Letter from Attorney Theodosopoulos to Scanlon Howley, 2/08/21). Attorney Theodosopoulos also advised that "your law firm was never authorized to contact and speak to Dr. Kim." (*Id.*).

In April 2021, Mertis filed a motion for sanctions to disqualify defense counsel from representing defendants and preclude further *ex parte* communications with plaintiff's treating physician. Mertis sought that Scanlon Howley be disqualified from the litigation for violating Rule 4003.6 because of its numerous unauthorized communications with Dr. Kim. At oral argument, Attorney Hayes maintained that he acted squarely within the first exception to Rule 4003.6 because "[Dr. Kim] reached out to me. . . . Dr. Kim sought the representation of me in response to the subpoena he received in this case which compelled him to appear for a deposition. Rule 4003.6 was not only intended to protect patient's rights of the Plaintiff, but also the rights of Dr. Kim to have representation at a deposition in the case where his treatment has been impugned." (N.T. Hearing, 8/04/21, at 10-11).

After considering the parties' briefs and argument, the trial denied the motion for disqualification and sanctions. In finding that there had been no violation of Rule 4003.6, the trial court explained:

- 4 -

Plaintiff has offered nothing more than unfounded accusations and conclusions concerning the nature and extent of Mr. Hayes' communications with Dr. Kim and Mr. Hayes' involvement in the defense of Dr. Oh. There is no evidence to suggest that Attorney Hayes was ever involved in the representation of Dr. Oh or that Grace or James Doherty had any communications with Dr. Kim or were involved in the representation of Dr. Kim in any way.

Counsel for Dr. Oh did not seek out Dr. Kim to communicate about the Plaintiff. Rather, upon service of the subpoena to attend and testify at a deposition, Dr. Kim asked his insurance carrier to appoint Mr. Hayes to represent him for the deposition.

(Trial Court Opinion, 2/17/22, at 4-5).

Mertis timely appealed and she and the trial court complied with Rule 1925. **See** Pa.R.A.P. 1925(a)-(b).[1]

## II.

## A.

On appeal, Mertis contends that Scanlon Howley should have been disqualified from serving as counsel in this litigation because it violated the Rule 4003.6 prohibition on the defendant having *ex parte* communications with Mertis's treating physician, Dr. Kim. According to Mertis, Rule 4003.6 must be construed narrowly, none of its enumerated exceptions are applicable to this case, and that the exceptions apply only in instances where the treating

---

[1] An order denying a motion to disqualify a law firm from a litigation is immediately appealable as a collateral order. **See Rudalavage v. PPL Elec. Utilities Corp.**, 268 A.3d 470, 478 (Pa. Super. 2022); **see also** Pa.R.A.P. 313 (governing collateral orders).

physician is a named defendant or the employee/representative of a named defendant. (**See** Mertis's Brief, at 26-27, 29). Mertis further maintains that Scanlon Howley's communications with Dr. Kim run contrary to the spirit of Rule 4003.6 and create "ample potential for continued mischief" and the opportunity for "defense counsel to have gained knowledge from Dr. Kim via improper discovery and then shared that knowledge with Defendant Oh and vice versa." (**Id.** at 33-34).[2]

Rule 4003.6 sets forth the general rule prohibiting *ex parte* communications between opposing counsel and a party's treating physician.[3] The Rule implicitly recognizes the privacy interest underlying the physician-patient relationship and the physician's duty of loyalty to the patient. **See Marek v. Ketyer**, 733 A.2d 1268, 1270 (Pa. Super. 1999), *appeal denied*, 749 A.2d 471 (Pa. 2000). Under the Rule, opposing counsel may only obtain information from a party's treating physician by securing the written consent of the party or through an authorized method of discovery such as written interrogatories, requests for production of documents or by way of deposition. **See id.**; **see also e.g.**, Rules 4004(a), 4007.1(a), 4009.21. These

---

[2] When reviewing a trial court's order regarding disqualification of counsel, we employ a plenary standard of review. **See Rudalavage**, **supra** at 478. To the extent that Mertis's arguments involve interpretation of our Rules of Civil Procedure, our standard of review is *de novo*. **See Brown v. Quest Diagnostics Clinical Labs.**, **Inc.**, 209 A.3d 386, 389 (Pa. Super. 2019).

[3] We interpret our Rules of Civil Procedure in conformity with rules of grammar and according to their common and approved usage. **See** Pa.R.C.P. 103(a).

procedures protect both the patient and the physician by ensuring that adverse counsel will not abuse the opportunity to contact or interrogate the physician privately. When this type of "formal discovery is undertaken in the presence of a patient's counsel it can be assured that irrelevant medical testimony will not be elicited and confidences will not be breached, preserving the trust which exists between doctor and patient." *Marek*, *supra* at 1270 (citation omitted).

**B.**

Rule 4003.6 carves out three exceptions applicable in circumstances where counsel must be permitted to confer privately with his own client or the actual or ostensible employees of his client who were involved with the plaintiff's care and treatment. The exception relevant here is subsection (1), which provides that the Rule does "not prevent an attorney from obtaining information from (1) the attorney's client . . . ." Pa.R.C.P. 4003.6(1). Simply, Scanlon Howley contends that it is allowed to have *ex parte* communications with Dr. Kim because he is now its client. There is no doubt that under this exception, if the firm only represented Dr. Kim, *ex parte* communications would be permitted. There is also no doubt that if it only represented Dr. Oh, such *ex parte* communications would not be permitted. Scanlon Howley, however, represents both, something that the Rule never envisioned.

What Pa.R.C.P. 4003.6 envisioned is that a different law firm would represent the treating physician, not the same law firm which makes that

exception inapplicable. Moreover, to allow Scanlon Howley to represent treating physician Dr. Kim in deposition testimony, while at the same time representing Dr. Oh, is the same as having e*x parte* communication. To do so would give the defense access to information that can only be obtained otherwise through authorized discovery that would be limited to material and pertinent information preventing breach of the confidential doctor/patient relationship only to the extent necessary.

Just because Dr. Kim requested through his insurance carrier that Mr. Hayes be appointed to represent him based on his experience with Scanlon Howley in a previous medical malpractice litigation does not excuse compliance with the Rule. While Dr. Kim's choice of representation should be afforded appropriate deference, that deference does not extend where it has the effect of violating the Rule that *ex parte* communications are forbidden between the defendant and the plaintiff's treating physician except in accordance with the Rule. Accordingly, we reverse the trial court's determination that Pa.R.C.P. 4003.6 was not violated.

With regard to Mertis's claim that disqualification of Scanlon Howley from this litigation is necessary for its violation of this discovery Rule, we are mindful that this remedy is warranted under limited circumstances. ***See Rudalavage***, ***supra*** at 478 (citation omitted). Specifically, disqualification is appropriate only when "another remedy for the violation is not available and it is essential to ensure that the party seeking disqualification receives the fair

trial that due process requires." ***Id.*** (citation omitted).  We remand to the trial court to determine the appropriate remedy in light of Appellee's violation of Pa. R.Civ. Pro. 4003.6

Order reversed.  Case remanded for proceedings consistent with this Opinion.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/02/2022