J-A22032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: SHIRLEY WEINBERG REVOCABLE TRUST DATED JANUARY 27, 2011 | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LISA A. ANTIN, BENJAMIN ANTIN, AND JASON ANTIN | : : : | No. 940 WDA 2022 |

Appeal from the Order Entered August 4, 2022
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 02-19-5237

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: November 2, 2023**

Appellants, Lisa A. Antin, Benjamin Antin, and Jason Antin, appeal from the order entered in the Allegheny County Court of Common Pleas, Orphans' Court, which denied their motion to disqualify Daniel A. Seibel, Esquire, from representing Jeffrey Weinberg and his sons Jeremy, Jonathan, Justin, and Joshua Weinberg. We quash the appeal.

The relevant facts and procedural history of this case are as follows. The parties are involved in a lengthy dispute concerning the validity of a revocable trust established by their late mother/grandmother, Shirley Weinberg, who died in February 2019.[1] On May 26, 2022, Appellants filed a

_____

[1] Appellant Lisa Antin, Mrs. Weinberg's daughter, together with her two sons, Appellants Benjamin and Jason, are attempting to establish the validity of the trust. Mrs. Weinberg's son Jeffrey Weinberg ("Son") and his four sons, Jeremy, Jonathan, Justin, and Joshua Weinberg ("Grandsons") are challenging the validity of the trust.

motion to disqualify Attorney Seibel from representing both Son and Grandsons, alleging that Attorney Seibel's representation of Son creates a conflict where he was already representing Grandsons.[2] Although not raised in their motion to disqualify, or reply to Son's and Grandsons' response to their motion to disqualify, Appellants subsequently alleged that Attorney Seibel's representation of all four Grandsons also posed a conflict of interest. Appellants raised this claim based on the opinion of their professional liability expert, who submitted a report to the court concerning the alleged conflicts of interest. Thus, at a hearing held on July 25, 2022, Appellants alleged a conflict of interest by Attorney Seibel representing Son and Grandsons; and by representing all four Grandsons. Appellants renewed these claims at oral argument on August 3, 2022.[3]

_____

[2] Son and Grandsons waived any conflict of interest.

[3] The transcripts from the July 25, 2022 hearing and August 3, 2022 oral argument are not in the certified record; though they are included in the reproduced record. (**See** N.T. Hearing, 7/25/22; R.R. at 349a-365a); (N.T. Oral Argument, 8/3/22; R.R. at 367a-390a). It is well-settled that "an appellate court cannot consider anything which is not part of the record in this case[; a]ny document which is not part of the official certified record is considered to be nonexistent, which deficiency may not be remedied by inclusion in the reproduced record." **Brandon v. Ryder Truck Rental, Inc.**, 34 A.3d 104, 106 n.1 (Pa.Super. 2011). "Where a review of an appellant's claim may not be made because of such a defect in the record, we may find the issue waived." **Id.** Nevertheless, our rules of appellate procedure state that "if anything material to either party is omitted from the record by error or accident, this Court, on proper suggestion or of its own initiative, may direct that the omission be corrected and a supplemental certified record be transmitted if necessary." **Id.** (citing Pa.R.A.P. 1926). Based on our
*(Footnote Continued Next Page)*

The Orphans' Court denied Appellants' motion on August 4, 2022. The next day, Attorney Seibel withdrew his appearance for Son.[4] Appellants filed a notice of appeal on August 17, 2022, and both the court and Appellants complied with Pa.R.A.P. 1925.

Appellants raise the following issues on appeal:

1. Did the [O]rphans' [C]ourt…err as a matter of law in denying Appellants' motion to disqualify Daniel A. Seibel, Esquire as shared counsel for [Son and Grandsons] without a hearing or any other due process proceeding, despite the existence of non-waivable conflicts among them?

2. Did the Orphans' Court abuse its discretion and err as a matter of law in holding that [Son] was not a party to the proceedings in its August 4, 2022 order?

(Appellants' Brief at 5).[5]

As a preliminary matter, we must address whether this appeal is properly before us. "The appealability of an order directly implicates the

_____

disposition that the appeal is not properly before us, we need not find Appellants' issue of a conflict of interest concerning Attorney Seibel's representation of all four Grandsons waived on this basis, or direct Appellants to correct the record at this juncture, as we cannot reach the merits of their claim on jurisdictional grounds.

[4] Appellants concede that "the issue of Attorney Seibel's disqualification as counsel for [Son] has been rendered moot[.]" (Appellants' Brief at 11 n.6). Thus, Appellants now argue only that Attorney Seibel's representation of all four Grandsons creates a conflict of interest. (*See id.*)

[5] Appellants note in their brief that the second issue presented is the subject of consolidated appeals docketed at Nos. 88 WDA 2023 and 89 WDA 2023, and it would be more appropriate to consider this issue in the consolidated appeals. (*See* Appellants' Brief at 31).

jurisdiction of the court asked to review the order." *In re Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa.Super. 2009). Generally, an appeal may be taken from a final order, an interlocutory order as of right or by permission, or a collateral order.[6] *In re Estate of Cella*, 12 A.3d 374 (Pa.Super. 2010). An issue concerning this Court's jurisdiction is a question of law for which our standard of review is *de novo*, and our scope of review is plenary. *Ford-Bey v. Pro. Anesthesia Servs.*, ___ A.3d ___, 2023 PA Super 163, 2023 WL 5920181 (filed Sept. 12, 2023).

Here, Appellants attempt to invoke this Court's jurisdiction under the collateral order doctrine at Pa.R.A.P. 313.[7]

> [Rule 313] permits an immediate appeal as of right from an otherwise interlocutory order where the appellant demonstrates that the order appealed from meets the following elements: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

*Ford-Bey, supra* at *3 (citing Pa.R.A.P. 313(b)). "[T]he collateral order doctrine is to be construed narrowly, and we require every one of its three

---

[6] Pennsylvania Rule of Appellate Procedure 342 also sets forth specific Orphans' Court orders which are appealable as of right. *See* Pa.R.A.P. 342(a). The order on appeal denying a motion to disqualify counsel is not one of the orders enumerated in Rule 342, so that rule is inapplicable here. *See id.*

[7] Appellants make no claim that their appeal is properly before us as from a final order (*see* Pa.R.A.P. 341), or an interlocutory order by right or permission (*see* Pa.R.A.P. 311, 312). Thus, we confine our review to whether the appeal is properly from a collateral order.

prongs be clearly present before collateral appellate review is allowed." *Rae v. Pennsylvania Funeral Directors Ass'n*, 602 Pa. 65, 73, 977 A.2d 1121, 1126 (2009).

"With regard to the first prong of the collateral order doctrine, an order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute." *K.C. v. L.A.*, 633 Pa. 722, 729, 128 A.3d 774, 779 (2015) (internal citation and quotation marks omitted). Regarding the second prong, "a right is important if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." *Id.* at 730, 128 A.3d at 779. "[I]t is not sufficient that the issue under review is important to a particular party; it 'must involve rights deeply rooted in public policy going beyond the particular litigation at hand.'" *Stahl v. Redcay*, 897 A.2d 478, 485 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007) (internal citation omitted). Concerning the third prong, whether a party's claims will be "irreparably lost" if review is postponed turns on the particular facts and circumstances of each case. *See K.C., supra*.

Instantly, we agree with Appellants that the issue of whether Attorney Siebel has a conflict of interest to represent all four Grandsons is separable from the underlying matter concerning the validity of the trust. *See Ford-Bey, supra*. Nevertheless, Appellants have not established that any right

involved is too important to be denied review, or that the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

In their motion to disqualify, Appellants alleged that "Attorney Seibel's appearance as [Son's] counsel, at the same time he is acting as counsel for [Grandsons], creates a conflict that requires his disqualification or that his appearance be stricken as [Son's] counsel." (Motion to Disqualify, 5/26/22, at 2; R.R. at 216a). Appellants maintained that "Attorney Seibel is potentially placed in the untenable position of asserting one client's rights against others." (*Id.* at 4; R.R. at 218a). Appellants insisted that this conflict "places not just [the Weinbergs] but [Appellants] in an untenable and unfair position." (*Id.* at 5; R.R. at 219a). Appellants have now conceded that the issue regarding Attorney Seibel's representation of Son and Grandsons is moot; but they claim the issue of Attorney Seibel's representation of all four Grandsons remains. (**See** Appellants' Brief at 11 n.6). Appellants did not raise this claim in their motion to disqualify, in reply to the Weinbergs' response to their motion to disqualify, or in an amended motion to disqualify. Nevertheless, we will assume *arguendo* that they preserved this claim orally at the July 25, 2022 hearing and at the August 3, 2022 oral argument.[8] In those proceedings, Appellants relied on a report submitted by their proffered expert in

_____

[8] **See** footnote 3, **supra**.

professional liability and conflicts of interest and argued that Jonathan Weinberg has claims distinct from those of his siblings, such that Attorney Seibel's representation of all four Grandsons creates a "non-waivable" conflict of interest.

In response to a Rule to Show Cause issued by this Court, Appellants cite the relevant three-pronged test of the collateral order doctrine and baldly state that the right involved is too important to be denied review, and that if review is postponed the claim will be lost. (*See* Response to Rule to Show Cause, 10/27/22, at 2). Although Appellants parrot the language of Rule 313(b), they do not explain **why** the right is too important to be denied review or why their claim will be lost if review is postponed. (*See id.*)

Likewise, on appeal, Appellants state: "The question presented by the denial of a motion to disqualify counsel is such that if review is postponed until final judgment, the claim will be irretrievably lost. Accordingly, this Court properly may exercise its appellate jurisdiction over the August 4, 2022 Order pursuant to Pa.R.A.P. 313." (Appellants' Brief at 19). Although Appellants maintain that "Attorney Seibel has a non-waivable conflict of interest in representing Jonathan Weinberg and his three brothers," (*see id.* at 20), they do not explain **why** any right asserted is too important to be denied review or how their claim will be irreparably lost if review is postponed.

Instead, Appellants cite ***Dougherty v. Philadelphia Newspaper***, 85 A.3d 1082 (Pa.Super. 2014), and cases which cite to ***Dougherty***. In

***Dougherty***, this Court considered an order denying a motion to disqualify counsel as an appealable collateral order. In that case, the appellant had sought disqualification of a firm that had represented him in past because the appellant believed there was a substantial risk that the firm would use confidential information obtained from the prior representation for adverse parties in the new matter. Noting that the appellant averred facts establishing a colorable claim of potential disclosure of attorney work product and breach of attorney/client privilege, which could result in irreparable harm, this Court concluded that under those circumstances, the order denying disqualification was appealable as a collateral order. ***See id.*** at 1085-86. In a footnote, this Court distinguished cases that had reached an opposite result and "did not involve the potential disclosure of attorney work product or privileged material." ***Id.*** at 1086 n.3.

Unlike in ***Dougherty***, Appellants do not allege that Attorney Seibel's representation of all four Grandsons would yield disclosure of any confidential or privileged information of Appellants.[9] Further, if any conflict of interest did

---

[9] Following ***Dougherty***, this Court has permitted review of cases in similar circumstances where the appellant sought disqualification of counsel based on counsel's prior representation of the appellant or where there was a similar concern for the potential disclosure of confidential or privileged material. ***See, e.g., Mertis v. Oh***, 289 A.3d 532 (Pa.Super. 2022), *appeal granted*, ___ Pa. ___, 294 A.3d 1204 (2023) (order denying appellant's motion to disqualify counsel was appealable collateral order where counsel representing defendant anesthesiologist in medical malpractice claim was also representing plaintiff's treating orthopedic surgeon, who was not named defendant in action; issue
*(Footnote Continued Next Page)*

exist, following adjudication of the merits of the underlying case, Appellants could appeal, and if they were successful, this Court could grant a new trial requiring separate counsel to represent the Grandsons to remedy the conflict. *See Vaccone v. Syken*, 587 Pa. 380, 899 A.2d 1103 (2006), *superseded by statute on other grounds by* Pa.R.A.P. 1114(b)(7) (holding that order disqualifying counsel was not appealable as collateral order; if on appeal, Superior Court determines that motion to disqualify was improperly granted, Superior Court will order new trial and appellants can proceed with disqualified counsel as their attorney).[10]  (*See also* Trial Court Opinion, filed 1/11/23, at 39) (stating that Appellants' claim of conflict of interest will not be lost forever if review is postponed; Appellants will still be able to complain about court's ruling if, and when, case ends).  In light of the narrow construction of the

_____

on appeal concerned whether law firm representing defendant could have *ex parte* communications with non-party treating physician); *Rudalavage v. PPL Elec. Utilities Corp.*, 268 A.3d 470 (Pa.Super. 2022) (order denying appellant's motion to disqualify law firm was appealable collateral order based on conflict of interest of one of firm's attorneys arising from his prior representation of appellant); *Darrow v. PPL Elec. Utilities Corp.*, 266 A.3d 1105 (Pa.Super. 2021) (order denying appellant's motion to disqualify law firm was appealable collateral order based on conflict of interest of one of firm's attorneys arising from his prior representation of appellant and intimate knowledge of inner workings of appellant's operations).  Although this Court did not conduct an in-depth analysis of the collateral order doctrine in these cases, they share a concern for the dissemination of potentially privileged information.  Appellants make no argument that such a concern is present in the case before us.

[10] Although **Vaccone** involved an order disqualifying counsel instead of an order denying a motion to disqualify, the rationale regarding the third prong of the collateral order doctrine applies similarly to the circumstances here.

collateral order doctrine, Appellants have failed to establish that each prong of the requisite test is "clearly present" to warrant immediate review.[11]  **See Rae, supra**; **Ford-Bey, supra**.  Accordingly, we quash the appeal.

Appeal quashed.

Judge Olson joins this memorandum.

Judge Bowes files a concurring memorandum.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

11/2/2023

---

[11] In the conclusion section of his appellee's brief, Son requests attorneys' fees under Pa.R.A.P. 2744, alleging that Appellants brought this appeal for frivolous reasons and only to cause delay.  **See** Pa.R.A.P. 2744 (stating that appellate court may award reasonable counsel fees and damages if it determines that appeal is frivolous or taken solely for delay or that conduct of participant against whom costs are to be imposed is dilatory, obdurate or vexatious).  Son claims that this Court should award fees and damages to compensate him for having to prepare a brief and to argue this appeal.  (**See** Son's Brief at 27-28).  Nevertheless, Appellants conceded that the issue as to Son was moot. **See** footnote 4, **supra**.  Under these circumstances, we deny Son's request for relief.