J-A24042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOAN V. CASO AND DONALD E. CASO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE J. THALER, CROZER-CHESTER MEDICAL CENTER AND SPRINGFIELD HOSPITAL, SOUTHEAST RADIOLOGY, LTD., D/B/A SOUTHEAST MEDICAL IMAGING, LLC | : | No. 3210 EDA 2023 |
| | : | |
| | : | |
| | : | |
| APPEAL OF: VINCENT J. CASO, ADMINISTRATOR OF THE ESTATES OF JOAN AND DONALD CASO, DECEASED | : | |

Appeal from the Order Entered November 13, 2023
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2018-005738

BEFORE:  LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED MARCH 10, 2025**

Vincent J. Caso ("Caso"), as administrator of the estates of Joan and Donald Caso, deceased, appeals from the order which denied his motion to amend the caption to substitute himself as plaintiff, and dismissed the action. We reverse and remand for further proceedings.

The factual and procedural history underlying this matter is largely undisputed.  In 2014, Joan Caso ("Joan") underwent a mammogram which Bruce Thaler, M.D., a radiologist employed by Southeast Radiology, Ltd. d/b/a Southeast Medical Imaging LLC ("Southeast Radiology"), failed to properly

interpret. Dr. Thaler was also affiliated with Springfield Hospital, d/b/a Springfield Hospital Diagnostic Imaging ("Springfield Hospital"), which was a subsidiary of Crozer-Chester Medical Center d/b/a Crozer-Chester Medical Center Breast Center ("Crozer-Chester Medical Center"). In 2015, Crozer-Chester Medical Center discovered Dr. Thaler's failure and sent Joan a letter acknowledging the deficient interpretation and alerting her that her mammogram had indicated an area of concern which required additional screening. Joan underwent an additional mammogram which revealed a malignant tumor that had spread to her lymph nodes. Joan then underwent a partial mastectomy and had two of her lymph nodes removed. Crozer-Chester Medical Center sent a letter to Joan in which it indicated that, due to the error in interpreting the first mammogram, Crozer-Chester Medical Center and Southeast Radiology would cover all out-of-pocket costs related to the care and treatment of her breast cancer. Joan's breast cancer progressed to incurable Stage IV breast cancer, and in 2018, she was diagnosed with widespread osseous metastatic disease of the axial and proximal appendicular spine and liver metastases. Tragically, had Joan's 2014 mammogram been properly interpreted and timely addressed, she would have had Stage II breast cancer with a 93% chance of survival. On May 10, 2019, Joan died as a result of her metastatic breast cancer.

Prior to her death, Joan and her husband, Donald Caso ("Donald"), commenced a medical malpractice lawsuit in 2017 against Dr. Thaler, Crozer-

Chester Medical Center, Southeast Radiology, and Springfield Hospital (collectively "the medical defendants") in the Chester County Court of Common Pleas. In 2018, the case was transferred to the Delaware County Court of Common Pleas. While the action was pending, Donald died on May 8, 2019, and as mentioned above, Joan died on May 10, 2019. On May 17, 2019, their son, Caso, was appointed as administrator of Joan's estate and received the corresponding letters of administration. On May 8, 2020, Caso filed suggestions of death for both Joan and Donald. On May 26, 2020, Caso was appointed administrator of Donald's estate, and on June 12, 2020, Caso received letters of administration for Donald's estate.

On August 4, 2023, Caso filed a petition to amend the caption and substitute plaintiffs. The medical defendants opposed the petition. On November 13, 2023, the trial court entered an order which denied the petition and dismissed the action. The basis for the trial court's ruling was that Caso failed to file his petition to substitute within one year from the filing of the suggestion of death. In so ruling, the trial court relied on the language provided in 20 Pa.C.S.A. § 3375, as interpreted by *Grimm v. Grimm*, 149 A.3d 77 (Pa. Super. 2016).[1] Caso filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

_____

[1] In *Grimm*, a panel of this Court considered the discrete question of whether the trial court had jurisdiction to enter a *non pros* in favor of a deceased party defendant. The *Grimm* Court determined that because there was never any

*(Footnote Continued Next Page)*

Caso raises the following issues for our review:

1. Did the trial court err in dismissing [Caso's] case where he complied with [section] 3375 and obtained the requisite testamentary letters appointing a personal representative within one year after filing a suggestion of death?

2. Did the trial court abuse its discretion in dismissing this case based on the holding in **Grimm** . . .[,] which it found to be "precedential, on point, and binding" when the Superior Court in **Brown** [**v. Quest Diagnostics Clinical Labs., Inc.**, 209 A.3d 386 (Pa. Super. 2019),] later found that the **Grimm** court's "paraphrasing of the language of section 3375 . . . is not an accurate reading of the statute[]?["]

3. Did the trial court err in refusing to grant [Caso's] petition to substitute [Caso] based on the mistaken belief that [section] 3375 contains a [one]-year limitation for filing such a motion which is in direct contravention of this Court's dictates in **Brown** . . .?

Caso's Brief at 2-3 (unnecessary capitalization omitted, issues reordered).

As Caso's issues are related, we will address them together. Caso challenges the trial court's interpretation of section 3375. In matters of statutory interpretation, our standard of review is *de novo* and our scope of review is plenary. **See Philadelphia Gas Works v. Pennsylvania Public Utility Commission**, 249 A.3d 963, 970 (Pa. 2021). When interpreting a statute:

_____

action taken by either the plaintiff or the other defendants to file a suggestion of death pursuant to Pa.R.C.P. 2355, and no personal representative was substituted for the party defendant, the trial court lacked subject matter jurisdiction to enter the *non pros*. The **Grimm** Court then vacated the *non pros* and remanded to the trial court to either dismiss the cause of action for lack of jurisdiction or to permit substitution of a personal representative.

- 4 -

[W]e strive to ascertain the intent of the General Assembly in enacting the law under review. The plain language of a statute is the best indication of the General Assembly's intent, and where the statutory language is clear and unambiguous, we must give effect to the plain language thereof. We read the words of a statute in context, not in isolation, and in a manner so as to give meaning to each and every provision.

*Id*. (citations omitted). "To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*."

**Brown**, 209 A.3d at 389.

Pursuant to our Rules of Civil Procedure, if a named party dies after the commencement of an action, the attorney of record for the deceased party shall file a notice of death with the prothonotary. **See** Pa.R.C.P. 2355(a). The procedure to substitute the personal representative of the deceased party is provided by Pa.R.C.P. 2352, which provides:

(a) The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based.

(b) If the successor does not voluntarily become a party, the prothonotary, upon praecipe of an adverse party setting forth the material facts shall enter a rule upon the successor to show cause why the successor should not be substituted as a party.

Pa.R.C.P. 2352.

Section 3375 permits a defendant to petition the trial court to abate an action when a plaintiff in an action has died and, without reasonable explanation, a personal representative is not appointed within one year after a suggestion of such death is filed. Pursuant to section 3375:

- 5 -

> If a plaintiff or petitioner in any action or proceeding now pending or hereafter brought dies and a personal representative is not appointed within one year after a suggestion of such death is filed in the action or proceeding, any defendant or respondent **may petition the court to abate the action** as to the cause of action of the decedent. Copies of the petition shall be served upon the executor named in the will, if known to the defendant, and otherwise upon all known next of kin entitled to letters of administration. **The court shall abate** the action as to the cause of action of the decedent **if the delay in taking out letters is not reasonably explained**.

20 Pa.C.S.A. § 3375 (emphasis added).

Despite the clarity of this statutory language, the **Grimm** Court nevertheless interpreted section 3375 to mean that "[w]hen the deceased party is a plaintiff and such **substitution** fails to occur within one year of the plaintiff's death, the trial court is required to abate the action unless the delay in appointing a personal representative is 'reasonably explained.'" **Grimm**, 149 A.3d at 84-85 (emphasis added).

Notably, the **Brown** Court considered this statement by the **Grimm** Court and determined that it was merely "*dictum* and is neither central nor dispositive to the holding in the case." **Brown**, 209 A.3d at 389 (noting that **Grimm**'s holding was "limited to the issue of whether the lower court had jurisdiction to enter a *non pros* in favor of a deceased party defendant"). Further, while the **Brown** Court acknowledged that section 3375 "requires that an estate be raised, letters of administration be issued, and a personal representative be appointed within one year of the suggestion of death being filed," it nevertheless determined that "[t]he actual timing of the substitution

- 6 -

of the personal representative in the underlying action is **not** governed by [s]ection 3375." **Brown**, 209 A.3d at 389 (emphasis added). Instead, the **Brown** Court concluded that "the reasonable explanation in [s]ection 3375 relates to the delay in **taking out letters**." **Id**. (emphasis added). Thus, pursuant to **Brown**, section 3375 does not pertain to the timing of the filing of a petition to substitute a party, but rather to the timing of the appointment of a personal representative for the estate. **See id**.

Caso contends that, based on **Brown**, the trial court misinterpreted the provisions of section 3375 as controlling for the timing of his petition to substitute himself as a party. Caso points out that he filed a suggestion of death for both Joan and Donald on May 8, 2020. Caso further points out that he received letters of administration for Joan's estate before that date, and he received letters of administration for Donalds' estate within the one year after that date. On this basis, Caso argues that section 3375 is not implicated in this matter, since he was appointed as administrator and received letters of administration for both of his parents within one year of filing the suggestion of death.

Caso maintains that there is no reasonable interpretation of section 3375 which requires a motion to substitute a plaintiff to be filed within one year after the filing of a suggestion of death. Caso insists that section 3375 requires only that a personal representative be appointed within one year after the filing of a suggestion of death. Accordingly, Caso asserts that the *dicta* in

**Grimm** relied upon by the trial court regarding section 3375 is inapposite and unpersuasive. On this basis, Caso contends that the trial court conducted its analysis under the mistaken belief that there was a one-year time limit imposed by section 3375 to file a substitution motion.

The trial court considered Caso's issues, but persisted in its determination that that the motion to substitute parties was untimely filed. The trial court reasoned:

> . . . [T]his court notes that plaintiffs died on May 8, 2019 and May 1[0,] 2019. Within the week, on May 17, 2019, . . . Caso, was appointed as administrator of . . . Joan['s] . . . estate, only. [Caso] obtained the required letters of administration of [Joan's estate] on May 17, 2019; however, there was no petition to substitute a party for . . . Joan . . . until August 4, 2023.
>
> * * * *
>
> . . . [O]n May 8, 2020, . . . the administrator of plaintiffs['] estate[s] filed a suggestion of death of both Joan . . . and Donald . . ..
>
> * * * *
>
> . . . There was no reasonable excuse provided as to why . . . Joan['s] estate was not substituted as a party to this action on or before May 10, 2020.
>
> * * * *
>
> . . . [A]s of June 12, 2020, [Caso, as] the administrator of both plaintiffs estates, . . . had the necessary letters of administrator for both estates. Therefore, as of June 12, 2020, the administrator of the estate had all the information and required documentation to file the appropriate petition to substitute party in the above captioned case, which should have been done via electronic filing as the suggestions of death had been filed.

* * * *

       [Caso] takes umbridge with this court's determination that the ***Grimm*** court's holding and its effect on this case. The Pennsylvania Superior Court in ***Grimm*** provided guidance to this court in ruling . . . when the deceased party is a ***plaintiff*** and the ***substitution fails to occur within one year of the plaintiff's death***, the trial court is required to abate the action unless the delay in appointing a personal representative is 'reasonably explained.'" [***Grimm***, 149 A.3d] at 86 (emphasis added). The ***Grimm*** Court was clear and applicable to this case. Here, plaintiffs died in May of 2019, suggestions of death were filed in May of 2020[,] and no timely substitution of party occurred within a year or even within two years or three years. In fact, this court surmises that the substitution of the party might only have occurred because this court scheduled a conference in May of 2023 and *sua sponte* raised the issues to counsel. This court believes ***Grimm*** Court holding to be precedential, on point and binding.

Trial Court Opinion, 1/18/24, at 7, 8, 9, 11 (unnecessary capitalization omitted).

       Based on our review, we conclude that the trial court erred in its interpretation of section 3375. As the ***Brown*** Court explained, "[t]he . . . timing of the substitution of the personal representative in the underlying action is ***not*** governed by [s]ection 3375." ***Brown***, 209 A.3d at 389 (emphasis added). Instead, the ***Brown*** Court concluded that "[s]ection 3375 relates to the delay in taking out letters." ***Id***. In this regard, section 3375 simply permits the trial court to abate the action if "a personal representative is not appointed within one year after a suggestion of such death is filed in the action or proceeding," and a reasonable explanation for such a delay is not provided. 20 Pa.C.S.A. § 3375.

Here, Donald died on May 8, 2019, and Joan died on May 10, 2019. On May 17, 2019, Caso, was appointed administrator of Joan's estate and received letters of administration for her estate. On May 8, 2020, Caso filed suggestions of death for both Joan and Donald. On May 26, 2020, Caso was appointed administrator of Donald's estate, and on June 12, 2020, Caso received letters of administration for Donald's estate. Thus, the record is clear that a personal representative for both Donald and Joan **was** appointed within one year of the filing of the suggestion of death in this action. Thus, section 3375 was not implicated. **See** 20 Pa.C.S.A. § 3375 (permitting a petition for abatement "[i]f . . . a personal representative is **not** appointed within one year after a suggestion of such death is filed in the action" (emphasis added)).

Moreover, contrary to the trial court's belief otherwise, section 3375 does not require that a petition to substitute the personal representative be filed within one year of the plaintiff's death, or even within one year of the filing of a suggestion of death. **See** 20 Pa.C.S.A. § 3375. Further, to the extent the trial court relied on **Grimm** for such a conclusion, the language that the trial court relied on from **Grimm** as imposing a one-year time limit in which to file a petition to substitute was merely *dictum*. **See Brown**, 209 A.3d at 389 (noting that **Grimm**'s holding was "limited to the issue of whether the lower court had jurisdiction to enter a *non pros* in favor of a deceased party defendant"). Thus, we are constrained to conclude that the trial court erred in concluding that Caso's petition to substitute was untimely filed

pursuant to section 3375. Accordingly, we reverse the trial court's order denying the petition to substitute and dismissing the action, and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/10/2025